CASA JAIME CORPORATION, demandante y recurrida, *v.* FELÍCITA CASTRO, demandada y recurrente.

*Número:* CE-62-25          *Resuelto:* 20 de diciembre de 1963

*Alfredo Álvarez Linares,* abogado de la recurrente; *Gaspar Encarnación Santana,* abogado de la recurrida.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del Tribunal.

El día 13 de mayo de 1958 la recurrente doña Felícita Castro le compró a la recurrida Casa Jaime una máquina de coser por la cantidad de $325.00, mediante contrato de venta condicional. Alegando que la recurrente no le había satis-

fecho determinados plazos mensuales de dicho contrato, ascendentes á $85.00 la recurrida presentó un procedimiento de reposesión de bienes muebles en el Tribunal de Distrito de Puerto Rico, Sala de San Juan. La recurrente compareció ante dicho Tribunal, alegando en contrario, que la Casa Jaime, a pesar de haberle asegurado que la máquina de coser era absolutamente nueva, le entregó una máquina reconstruida y usada que no pudo destinar al uso corriente, causándole daños por $2500.00, cuyo resarcimiento solicitó. La ilustrada Sala sentenciadora del Tribunal de Distrito encontró probado que la máquina, objeto del contrato, era una máquina inservible la cual túvo que ser reparada quince veces durante el año de garantía, prolongándose los problemas e inconvenientes por más de un año. Que la vendedora conocía los vicios y defectos de la cosa vendida y que la recurrida le había causado daños a la recurrente. Dictó sentencia declarando rescindido el contrato, condenando a la recurrida a devolver a la recurrente la cantidad de $240.00 que había abonado a dicho contrato, más $500.00 dólares por daños y $150.00 para honorarios.

La recurrida apeló ante el Tribunal Superior de Puerto Rico, Sala de San Juan, la cual revocó la sentencia del Tribunal de Distrito por el siguiente fundamento: "La máquina de coser fue embargada el 16 de diciembre de 1959. Estuvo en posesión de la demandada, [ahora recurrente] desde Mayo 13, 1958 [fecha del contrato], o sea un año siete meses tres días. Hasta la fecha de radicarse la acción, [1ro. de diciembre de 1959] la demandada no había solicitado la rescisión del contrato. La acción se extinguía a los seis meses desde la entrega de la cosa vendida."

No estamos conforme con la conclusión de la Sala en apelación del Tribunal Superior de Puerto Rico que la acción se extingue a los seis meses, automáticamente, en todos los casos, a contar desde la entrega de la cosa vendida. El Art. 1379 de nuestro Código Civil—31 L.P.R.A. sec. 3847—cubre

aquellos contratos en los cuales no hay un término de garantía para la reparación gratuita por cuenta del vendedor. . Además la prueba demostró que las reclamaciones y contestaciones de las partes—los problemas e inconvenientes, de que habla la conclusión de la Sala sentenciadora—duraron más de un año. En el comentario al Art. 1490 del Código Civil de España del cual se origina nuestro Art. 1379, Manresa nos advierte que: "Aplicando a estas acciones las doctrinas generales del Código Civil acerca del modo de contar los plazos en la prescripción extintiva, tiene declarado el Tribunal Supremo [España] que las constantes relamaciones y contestaciones de los interesados obstan a la prescripción (sentencia de 7 de junio de 1909), y por lo tanto, el plazo de seis meses que señala el artículo 1490 debe contarse, no desde la fecha de la perfección del contrato, sino desde el día en que se interrumpieron las gestiones de inteligencia entre las partes que siguieron a aquél (Sentencia de 11 de junio de 1926)": 10 Manresa—*Comentarios al Código Civil Español* 265—5ta. edición Reus (1950).

*Por las razones expuestas se revoca la sentencia dictada por el Tribunal Superior de Puerto Rico, Sala de San Juan (en apelación) de fecha 7 de septiembre de 1962 y se confirma la sentencia dictada por el Tribunal de Distrito de Puerto Rico, Sala de San Juan de 13 de octubre de 1961.*