Ortiz Carrión, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
La señora Idalia Colón Durán, su esposo Nilo Rivera Figueroa y la sociedad legal de gananciales integrada *826 por ambos presentaron un recurso de certiorari para solicitar la revisión de una sentencia en la cual el Tribunal de Primera Instancia, Sala Superior de Bayamón, desestimó una demanda de daños y perjuicios por estar prescrita.
El dictamen cuya revisión se solicita, resolvió finalmente la cuestión litigiosa, por lo que se trata de una sentencia final y el recurso apropiado para solicitar su revisión es el de apelación, según lo establece el Artículo 4.002(a) de la Ley de la Judicatura de 1994, según enmendada. En virtud de ello, atendemos el recurso como una apelación según resuelto mediante resolución de 5 de febrero de 1996.
En su recurso, los apelantes señalan que el tribunal a quo erró: (1) al interpretar aisladamente una carta con fecha de 18 de noviembre de 1993 y concluir que esa carta no constituyó un acto de "pervivencia" del derecho de los demandantes frente a los demandados, que interrumpió el término prescriptivo de un año dispuesto por el Artículo 1868 del Código Civil de Puerto Rico; y (2) al interpretar el alcance de la Regla 22 de las de Evidencia de 1979, sobre exclusión de prueba, y aplicársela a la carta con fecha de 18 de noviembre de 1993 y a otra anterior con fecha de 28 de octubre de 1993.
Antes de dilucidar estos señalamientos procedemos a hacer una breve relación de los antecedentes fácticos y procesales del caso.
I
El caso del título tuvo su origen en un suceso ocurrido el 23 de octubre de 1992, cuando unos empleados de Sears Roebuck de Puerto Rico, Inc., alegadamente arrestaron, difamaron, denunciaron y encarcelaron ilegalmente a la señora Colón Durán, quien como consecuencia de esos actos fue sometida a un proceso criminal del cual fue absuelta perentoriamente el 10 de mayo.de 1993.
Luego, el 19 de octubre de 1993, la representación legal de los aquí apelantes le envió una carta a Sears Roebuck de Puerto Rico, Inc., relatándole los hechos ocurridos el 23 de octubre de 1992, y el resultado del proceso criminal iniciado contra la señora Colón Durán, manifestándole su intención de reclamar compensación por los daños sufridos por ella y su esposo ante los foros pertinentes, y su disposición a lograr una transacción extrajudicial.
El 28 de octubre de 1993, la representación legal de Sears Roebuck de P.R., Inc. contestó, acusando recibo de la carta enviada por la representante legal de los apelantes, y le solicitó cierta información con el fin de evaluar la reclamación.
El 18 de noviembre de 1993, la representación legal de los apelantes acusó recibo de la contestación de Sears Roebuck de Puerto Rico, Inc. a su reclamación extrajudicial; se excusó por no haber recopilado aún la información solicitada y expresó su intención de enviarla próximamente. El recibo de esa carta por la representación legal de Sears Roebuck de P.R., Inc. no está en controversia.
Luego, el 7 de noviembre de 1994 los aquí apelantes presentaron su demanda. Poco después los demandados presentaron una moción de sentencia sumaria en la cual alegan que la demanda está prescrita por haberse presentado más de un año después del último acto interruptivo del plazo para incoar una reclamación por daños y perjuicios, y solicitaron su desestimación.
Los apelantes comparecieron a oponerse a esa moción, y el tribunal a quo dictó la sentencia sumaria apelada en la cual concluye que la carta con fecha de 18 de noviembre de 1993, en su contexto, y examinada de la forma más beneficiosa posible para las partes demandantes, no interrumpió el término prescriptivo aplicable, y decide que la causa de acción de los apelantes está prescrita por lo que desestima la demanda.
Nos corresponde dilucidar si en efecto el texto de la carta enviada a Sears Roebuck de P.R., Inc. por la representación legal de los apelantes con fecha de 18 de noviembre de 1993, analizada junto a las otras dos cartas, y examinada de la forma más beneficiosa posible a los apelantes, constituyó un acto interruptivo del plazo prescriptivo para presentar su demanda.
II
*827 El Código Civil de Puerto Rico dispone que las acciones para exigir responsabilidad civil extracontractual prescriben por el transcurso de un año desde que lo supo el agraviado. La prescripción de estas acciones se interrumpe por su ejercicio ante los tribunales, por la reclamación extrajudicial del perjudicado, y por cualquier acto de reconocimiento de la deuda por el deudor. Artículos 1861, 1868 y 1873 del Código Civil de Puerto Rico, 31 L.P.R.A. sees. 5291, 5298 y 5303.
Nuestra sociedad tiene un gran interés en promover la solución rápida de las controversias que se suscitan entre los individuos que la integran. La prescripción extintiva es una de las instituciones jurídicas mediante la cual se pretende instrumentar ese interés, con la transformación en estado de derecho, de una alegada situación antijurídica. La prescripción extintiva permite que, cuando una reclamación jurídica permanece inerte durante un determinado lapso de tiempo, el sujeto pasivo del derecho pueda negarse a cumplir su obligación. Diez Picazo, La Prescripción en el Código Civil, Bosch, 1964, pág. 93 y ss.; Puig Brutau, Caducidad, Prescripción Extintiva y Usucapión, Bosch, 1988, pág. 26; Orozco Pardo, La Interrupción de la Prescripción Extintiva en el Derecho Civil, Universidad de Granada, 1986, pág. 15 y ss.
Para que la prescripción extintiva se produzca es necesario que transcurra un determinado lapso de tiempo completo y continuado que comienza cuando la acción para reclamar el derecho se pudo ejercitar, y termina cuando su titular la ejercita sin que, mientras tanto, el titular haya ejecutado un acto incompatible con el abandono. Sin embargo, la institución de la prescripción no impide que el plazo para incoar una acción ante los tribunales pueda prolongarse indefinidamente en el tiempo, mediante actos sucesivos del titular de derecho o del sujeto pasivo. Esto es lo que el Artículo 1873 del Código Civil de Puerto Rico establece cuando dispone que la prescripción de las acciones se interrumpe. La interrupción se configura como un acto que excluye e impide que la prescripción se produzca, y obliga a que el plazo prescriptivo comience a contarse de nuevo, prolongando así la vida del derecho exigible. Diez Picazo, op. cit. pág. 33 y ss. Esto es así, porque la prescripción sólo ocurre cuando ha existido un continuado silencio en una relación jurídica. Cuando mediante algún acto el titular del derecho rompe ese silencio, y expresa o tácitamente anuncia que el derecho sigue vivo, que va a ser ejercitado, o simplemente que puede serlo, se configura la interrupción de la prescripción. De este modo, la institución jurídica de la prescripción tiene como contrapartida a la interrupción, la cual se configura como una institución jurídica al igual que la prescripción, por cuanto constituye la contradicción de la esencia misma de la prescripción: la actividad, el diálogo y la inteligencia en una relación jurídica. Orozco Pardo, op. cit, pág. 149 y ss.
La prescripción tiene su causa en la inacción de los sujetos; la interrupción se origina en el comportamiento que tácita o expresamente anuncie que el derecho va a ser ejercitado, o simplemente que puede serlo. Por razón de esta dicotomía, es necesario que a la prescripción se le confiera un tratamiento judicial restrictivo, mientras que los elementos que configuran la interrupción y sus fines, requieren la mayor liberalidad y amplitud en su interpretación judicial. El modo normal y lógico de la extinción de un derecho es su ejercicio, y la satisfacción del interés que le es inherente, por lo que el ordenamiento jurídico potencia el ejercicio y conservación de los derechos mediante la utilización de los medios interruptivos de la prescripción. Galib Frangie v. El Vocero, 95 J.T.S. 71, pág. 922. Por eso, la hermenéutica judicial debe restringir el ámbito de aplicación de la prescripción, la cual provee para la extinción anormal del derecho para promover la seguridad en las relaciones jurídicas. Por otra parte, la interrupción como institución jurídica supone precisamente todo lo contrario. La interrupción supone una conducta expresa o tácitamente dirigida a ejercitar o conserva: el derecho. Por ello, la hermenéutica judicial debe ampliar al máximo razonable el ámbito de aplicación de la interrupción. Además, si la interrupción es la contradicción de la esencia de la prescripción, y ésta ha de ser interpretada restrictivamente, la interpretación judicial del ámbito de aplicación de la interrupción debe hacerse siguiendo un criterio contrario, potenciando su aplicación para favorecer al titular que pretende ejercitar o conservar su derecho. Orozco Pardo, op cit. pág. 59 y ss.
Basándose en estos principios Diez Picazo, op. cit., pág. 93 y ss., señala que la interrupción se constituye mediante un acto que tiene el fin de defender y conservar el derecho y afirma que lo que tiene un ciclo vital es el derecho, no la prescripción. En este sentido, la interrupción no paraliza la prescripción, sino que impide que se produzca. Por su parte, el Profesor Manuel Albaladejo García, en sus Comentarios al Código Civil y Compilaciones Forales, Ed. Revista de Derecho Privado, 2da. Ed., Madrid (1994) t. XXV, vol. 2, pág. 610 *828 distingue entre el mero recordatorio de la deuda, y la exigencia inexorable del pago, y entiende que entre una y otra existen "una serie de posibilidades intermedias, en las que debe entenderse que hay reclamaciones y por tanto, interrupción de la prescripción siempre que la conciencia social estime que se trata de una conducta en la que, con más o menos suavidad, y deforma más o menos tajante, o apremiante, se muestre la decisión de obtener el pago".
De tal modo, según la doctrina contemporánea existen varios medios, más o menos fehacientes para manifestar una voluntad con eficiencia interruptiva. Lo importante, según Orozco Pardo, op. cit., pág. 63, es que estos actos de voluntad deben reunir unos requisitos mínimos que los doten de eficacia probatoria, que permitan conocer de modo claro e inequívoco su contenido y finalidad. En el caso de autos, la gestión efectuada por la representación legal de los apelantes se hizo mediante una carta, de modo que no existe problema sobre su eficacia probatoria.
Este criterio hermenéutico ha sido adoptado por el Tribunal Supremo de España en varias sentencias en las cuales, según Orozco Pardo, op. cit., págs. 152 y 193, queda patente el enfoque de tratar la institución de la interrupción de una forma menos estricta que la institución de la prescripción. A tal efecto, tanto la doctrina contemporánea como el Tribunal Supremo de España, consideran esencial la manifestación de la voluntad del sujeto autor de la interrupción y le han reconocido eficacia interruptiva a las gestiones realizadas por él o su representante para obtener el cumplimiento de la prestación, según se afirma en las sentencias del Tribunal Supremo de España de 3 de junio de 1927 y 11 de junio de 1926, citadas por Orozco Pardo, op. cit., pág. 197.
Basándose en esas sentencias, Orozco Pardo concluye que "[e]n el fondo, toda gestión es un intento de lograr un entendimiento de transacción, si bien no consideramos que la transacción sea la que surte el efecto interruptivo; ya que ésta, en un caso, supone la existencia de un pleito anterior, con lo que ya hubo reclamación; y en otro trata de evitarlo, pero de cualquier forma los actos tendentes a lograrlo son los que suponen interrupción." Id. Véase además, Diez Picazo, op. cit., pág. 130.
En Puerto Rico, el Tribunal Supremo no ha establecido criterios claros sobre cómo interpretar las gestiones, los actos de inteligencia y los ofrecimientos de información entre el acreedor y el deudor, con el fin de determinar cuándo un acto del sujeto titular del derecho debe considerarse como una reclamación extrajudicial interruptiva de la prescripción. Sin embargo, existen dos casos recientes en los cuales el Tribunal Supremo de Puerto Rico ha hecho manifestaciones sobre el particular. Así por ejemplo, en Zambrana v. E.L.A., 92 J.T.S. 12, pág. 9174, se trata de un caso en el cual el Tribunal Supremo determinó que una comunicación dirigida al Secretario de Justicia del Estado Libre Asociado sobre unos daños causados por unos agentes de custodia de la Administración de Corrección, constituyó una reclamación extrajudicial interruptiva de la prescripción. En ese caso, el Tribunal Supremo señala de paso, a manera de obiter dictum que cuando una comunicación se limita a suministrar información al sujeto pasivo, el plazo prescriptivo no queda interrumpido. Posteriormente en Galib Frangie v. El Vocero, supra, un caso en que la persona perjudicada por una información alegadamente libelosa escribe una carta exigiéndole al periódico una rectificación pública, el Tribunal Supremo cita a Zambrana para sostener que una mera información no constituye "la manifestación inequívoca de quien amenazado con pérdida de su derecho, expresa su voluntad de no perderlo".
Sin embargo, además del obiter dictum en estos dos casos recientes, desde hace décadas en Casa Jaime Corp. v. Castro, 89 D.P.R. 702, 704 (1963), el Tribunal Supremo de Puerto Rico, al plantearse una cuestión sobre el efecto interruptivo de una gestión de inteligencia sobre la prescripción de una acción de saneamiento bajo el Artículo 1373 del Código Civil de Puerto Rico, 31 L.P.R.A. see. 3841, citó al prestigioso tratadista Manresa expresando lo siguiente:
"Aplicando a estas acciones las doctrinas generales del Código Civil acerca del modo de contar los plazos en la prescripción extintiva, tiene declarado el Tribunal Supremo [de España] que las constantes reclamaciones y contestaciones de los interesados obstan a la prescripción (sentencia de 7 de junio de 1890) y por lo tanto el plazo de seis meses que señala el artículo 1490 debe contarse, no desde la fecha de perfección del contrato, sino desde el día en que se interrumpieron las gestiones de inteligencia entre las partes que siguieron a aquél, (sentencia de 11 de junio de 1926)": 10 Manresa - Comentarios al Código Civil Español 265 - 5ta. edición Reus *829 (1950).
Asimismo, en Ferrer v. General Motors Corp., 100 D.P.R. 246, 256 (1971) ,el Tribunal Supremo reiteró lo resuelto en Casa Jaime, supra, indicando lo siguiente:

"En Puerto Rico, así como en España, dicho plazo [prescriptivo] ha sido extendido jurisprudencialmente en el sentido de que el plazo de seis meses se cuenta, no desde la fecha de la perfección del contrato, sino que desde el día en que se interrumpieron las gestiones de inteligencia entre las partes."

De esta manera, puede concluirse que aunque el Tribunal Supremo de Puerto Rico no ha resuelto específicamente la cuestión planteada en el caso del título, existen precedentes que no son inconsistentes con reconocerle eficacia interruptiva de la prescripción a un acto de declaración de voluntad similar al hecho por la representación legal de los apelantes en su carta de 18 de noviembre de 1993. Además, en ausencia de una directriz legislativa sobre lo que constituye una reclamación extrajudicial interruptiva de la prescripción los tribunales deben cumplir el mandato del Artículo 7 del Código Civil, 31 L.P.R.A. see. 7, en el cual se establece lo siguiente:

"El tribunal que rehúse fallar a pretexto de silencio, obscuridad, o insuficiencia de la ley, o por cualquier otro motivo, incurrirá en responsabilidad.

Cuando no haya ley aplicable al caso, el tribunal resolverá conforme a equidad, que quiere decir que se tendrá en cuenta la razón natural de acuerdo con los principios generales del derecho, y los usos y costumbres aceptados y establecidos."

En virtud de este mandato, a los tribunales les corresponde llenar las lagunas y armonizar los conflictos reales o aparentes que existan entre las disposiciones del Código Civil. Basándose en tal autoridad, este Tribunal, aplicando un balance de los intereses envueltos, las normas hermenéuticas antes expuestas, y los principios de la equidad y la buena fe, considera que la carta suscrita por la representación legal de los apelantes el 18 de noviembre de 1993, en la cual ésta acusa recibo de la contestación de Sears Roebuck de Puerto Rico, Inc. a su reclamación extrajudicial, se excusa por no haber recopilado aún la información solicitada y expresa su intención de enviarla próximamente, constituye una declaración inequívoca sobre la voluntad que tenían los apelantes de proseguir con su reclamación extrajudicial, lo cual debe considerarse como un acto interruptivo de la prescripción.
Por otra parte, se hace innecesario determinar si la carta de 18 de noviembre en la que se hace una declaración inequívoca sobre la voluntad de los apelantes de proseguir su reclamación extrajudicial constituyó parte de una gestión de transacción. Esta carta se ofreció no para demostrar la existencia de una transacción sino para probar la interrupción de la prescripción por lo que su admisibilidad se rige por la doctrina general de la pertinencia y lo dispuesto por la Regla 22 de las de Evidencia no es de aplicación. E. Chiesa, Práctica Procesal Puertorriqueña, Vol. I, Evidencia,.Publicaciones J.T.S. (1979) alapág. 98.
Por los fundamentos anteriormente expuestos, se revoca la Sentencia recurrida y el caso se devuelve al tribunal a quo para que continúen los procedimientos en armonía con esta Sentencia.
El Juez Cordero emitió voto disidente.
Lo acuerda y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIO 97 DTA12
1. El texto literal de esa carta es el siguiente:

"Dear Atty. Fineberg:

*830
This letter is in initial response to yours of October 28, 1993, in which you request further information regarding the above referenced claim. Unfortunately, due to unforeseen professional obligations and other circunstances, have been unable to gather the information to date. We will be sending it on to you in the very near future.

Thank you for your attention to this matter. Sincerely, Judith Berkan."