# 2008 DTA 105

## TRIBUNAL DE APELACIONES
## REGIÓN JUDICIAL DE CAGUAS

WANDA E. RODRÍGUEZ CORTÉS
Peticionaria

v.

MEDINA AUTO SALES, INC. MOTORAMBAR INC., ETC
Recurridos

Núm. KLRA-2008-00495

San Juan, Puerto Rico, a 25 de agosto de 2008

Panel integrado por su Presidenta, la Juez Pesante Martínez,
el Juez Escribano Medina y la Juez Hernández Torres

## TEXTO COMPLETO DE LA SENTENCIA

Comparece ante nos, Wanda E. Rodríguez Cortés (en adelante, "*la recurrente*"), en el interés de obtener la revocación de la resolución dictada por el Hon. Juez Administrativo Edgardo López Carrasquillo del Departamento de Asunto del Consumidor (en adelante, "*D.A.C.O.*"), Oficina Regional de Caguas. Mediante esta resolución se desestimó una querella presentada por la recurrente en contra de Motor Ambar, Inc.; Medina Auto Sales, Inc.; Servicio Centro Nissan; Taller Delgado; Banco Bilbao Vizcaya Argentaria y Ramar Auto, Inc. En su determinación, D.A.C.O. procedió a desestimar la querella presentada por la recurrente. D.A.C.O. concluyó que los desperfectos de los que adolece el vehículo de motor de la recurrente no son de tal gravedad que hagan la cosa vendida impropia para el uso al que se le destina. De la misma forma, D.A.C.O. señaló que la recurrente no ejercitó su causa de acción en el término dispuesto por ley. Por otro lado, la recurrente alegó en su querella que

los querellados se han negado a reparar su vehículo en una forma satisfactoria, que el derecho aplicable a la controversia en este caso es la Ley Núm. 330, 10 L.P.R.A § 2066 a 2070, y el Reglamento 4797 titulado Reglamento de Garantías de Vehículos de Motor.

Oportunamente, la recurrente presentó ante nos un escrito en el cual solicitó la revisión judicial de la determinación del D.A.C.O. La recurrente le imputó a D.A.C.O. la comisión de tres errores. Adujo que erró D.A.C.O.: (1) *"...en su interpretación del derecho aplicable y en la aplicación del mismo a la evidencia sustancial que obra en el expediente administrativo, emitiendo así una decisión contraria a las disposiciones de la Ley 330"*; (2) *"en su interpretación del derecho aplicable y en la aplicación del mismo a la evidencia sustancial que obra en el expediente administrativo, emitiendo así una decisión contraria a las disposiciones de saneamiento del Código Civil"*; (3) *"al emitir determinaciones de hechos que no se ajustan a la prueba presentada durante la vista administrativa, formulando así una determinación irrazonable que no se encuentra sostenida por la evidencia sustancial que obra en el expediente administrativo"*.

Examinado los alegatos de las partes y el derecho aplicable a la controversia ante nosotros, determinamos que no erró D.A.C.O. al desestimar la querella presentada por la recurrente. Siendo ello así, confirmamos la sentencia apelada.

**I**

Esbozamos a continuación las incidencias procesales y circunstancias fácticas de mayor relevancia a la controversia que nos ocupa.

El 24 de octubre de 2003, la recurrente suscribió con Medina Auto Sales (en adelante, *"Medina"*) un contrato de compraventa para adquirir un vehículo de motor marca Nissan, modelo Pathfinder del 2003, por el precio de $26,500.00. Asimismo, la recurrente participó de un contrato de financiamiento con el Banco Bilbao Vizcaya Argentaria (en adelante, *"B.B.V.A."*) para realizar la referida compraventa.

A consecuencia de que el antes mencionado vehículo de motor alegadamente sufriera una serie de desperfectos, la recurrente visitó varios centros autorizados por la compañía con quien suscribió el contrato de compraventa. La recurrente alega que llevó el vehículo de motor a varios centros de reparación intentando buscar reparar eficazmente su vehículo, pues en varias ocasiones las fallas continuaban aún después de visitar un centro de reparación. El 17 de octubre de 2005, la recurrente presentó una querella ante el D.A.C.O., Oficina Regional de Caguas, contra Medina, Ramar Auto, Taller Delgado, Servicentro, B.B.V.A. y Motor Ambar. La referida querella fue enmendada el 28 de agosto de 2007, para incluir a G.R. Auto Parts, Inc. como parte de los querellados.

En su querella, la recurrente adujo que su vehículo sufría de los siguientes desperfectos: a) luz de *"check engine"* encendida; b) olor fuerte a gasolina; c) ruido por la puerta del pasajero delantera; d) ruido en el motor de arrancar; e) fallo intermitente en el motor; f) vehículo se apaga en movimiento; g) vehículo se apaga cuando se detiene en parada; h) vibración excesiva del motor; i) los frenos chillan y/o hacen ruidos.

Los remedios que solicitó la recurrente fueron los siguientes:

*"a) Cancelar el contrato de compraventa del vehículo según las disposiciones del Código Civil de Puerto Rico y reembolsarle todas las mensualidades pagadas, más el pronto.*

*b) Cancelar el contrato de compraventa del vehículo según las disposiciones de la Ley Núm. 330 y reembolsarle todas las mensualidades pagadas, más el pronto. La depreciación de uso del vehículo no debe ser más de 3,851 millas, siendo éste el millaje del vehículo al momento que el mismo se sobrepasó de los tres (3) intentos de reparación por los fallos que requiere la Ley Núm. 330. En la alternativa, que se utilice el millaje que tenía el*

*vehículo al momento de la radicación de la querella para hacer el cómputo de la depreciación. Además, el reembolso debería incluir cargos colaterales e incidentales incurridos según establecidos por la Ley Núm. 330.*

*c) En la alternativa, que de acuerdo al Código Civil se haga una compensación "Quantis minoris" en la que devalúe el vehículo por la cantidad de $10,000.00 dólares, ya que los vicios del mismo hacen que la unidad al momento de la compra no tenga el valor que se le fijó al momento de firmar el contrato de compraventa.*

*d) Que se compense en daños y perjuicios a la parte querellante en una suma no menor de $10,000 dólares por todos los días que el vehículo ha estado fuera de servicio, por los inconvenientes y gastos incurridos para transportación, días de trabajo perdido y el riesgo que el querellante ha estado expuesto a manejar un vehículo de motor con una condición de peligro.*

*e) Que se imponga una multa mínima de $10,000 al co-querellando Motorambar, Inc. y sus concesionarios por su incumplimiento del Reglamento 4797.*

*f) Que se ordene a los querellados de forma solidaria al pago de honorarios de abogados por la cantidad de $5,000 por haber obligado a la querellante a incurrir en gastos legales para proteger sus derechos, derechos conocidos por los querellados."*

El 8 de abril de 2008, el D.A.C.O. emitió una resolución en la cual desestimó la querella presentada por la recurrente y ordenó su cierre y archivo. En la referida resolución expresó que al tratarse de un contrato relacionado a la compraventa de un vehículo de motor, le es aplicable tanto la Ley de Garantías de Vehículos de Motor, Ley Núm. 7 del 24 de septiembre de 1979, 10 L.P.R.A. § 2051 *et. Seq.* , como su correspondiente reglamento, Expediente Núm. 4797 del 30 de septiembre de 1992. También D.A.C.O. señaló que en este caso era de aplicación lo dispuesto en los artículos 1363 y subsiguientes del Código Civil, 31 L.P.R.A. § 3831, referente a la entrega y saneamiento de la cosa vendida. Igualmente expresó que la acción de la recurrente no se ejercitó en el término dispuesto por la Ley de Ventas a Plazos y Compañías de Financiamiento, en su Articulo 209, 10 L.P.R.A. 749, que establece la obligación del comprador de notificar al cesionario de cualquier problema con el vehículo comprado, mediante correo certificado con acuse de recibo dentro del término de veinte (20) días siguientes a la fecha en que advino en conocimiento de algún hecho que pueda dar lugar a una causa de acción contra el vendedor. De la misma forma, D.A.C.O. indicó que los desperfectos de los que adolece el vehículo de motor objeto de la presente querella no son de tal gravedad o importancia que hagan la cosa vendida impropia para el uso al que se le destina.

Cabe señalar que en esta determinación se ordenó la anotación en rebeldía de las querelladas, Servicentro Nissan, Taller Delgado, Will Nissan y GR Auto Parts, pues a pesar de haber sido debidamente notificados, no asistieron a la vista.

## II

### A

Las decisiones de los organismos administrativos merecen la mayor deferencia judicial. Esta deferencia se debe a la especialización y experiencia de la agencia sobre los asuntos en controversia. *Rebollo Vda. de Liceaga v. Yiyi Motors, Motor Ambar, Inc.,* 161 D.P.R. 69 (2004); *Pacheco Torres v. Estancias de Yauco,* 160 D.P.R. 409 (2003). Al momento de revisar una decisión administrativa, el criterio rector para los tribunales será la razonabilidad en la actuación de la agencia. *Rebollo Vda. de Liceaga v. Yiyi Motors, Motor Ambar, Inc., supra.* Los tribunales no deben intervenir o alterar las determinaciones de hechos de un organismo administrativo, si las mismas están sostenidas por evidencia sustancial que surja del expediente administrativo considerado en su totalidad. *Pacheco Torres v. Estancias de Yauco, supra*, a la pág. 432; *Domínguez Talavera v. Caguas Expressway Motors, Inc.,* 148 D.P.R. 387, 397 (1999); *Metropolitana S.E. v. A.R.P.E.,* 138 D.P.R. 200, 213

(1995). Evidencia sustancial es *"aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión"*. *Hilton Hotel v. Junta de Salario Mínimo*, 74 D.P.R. 670, 687 (1953); *Hernández v. Centro Unido de Detallistas*, res. el 6 de agosto de 2008, **2006 J.T.S. 140**, a la pág. 21. Debido a que las determinaciones del foro administrativo tienen que basarse en evidencia sustancial, la parte que las impugne tiene que convencer al tribunal de que la evidencia en la cual se apoyó la agencia para formular tales determinaciones no es sustancial. *Misión Ind. P.R. v. J.P.*, 146 D.P.R. 64, 131-132 (1998). Debe demostrar que existe otra prueba en el expediente que reduzca o menoscabe el valor probatorio de la evidencia impugnada, hasta el punto de que no se pueda concluir que la determinación de la agencia fue razonable de acuerdo con la totalidad de la prueba que tuvo ante su consideración. *Rebollo Vda. de Liceaga v. Yiyi Motors, Motor Ambar, Inc., supra. Misión Ind. P.R. v. J.P., supra.* Si la parte afectada, en la solicitud de revisión, no demuestra la existencia de esa otra prueba que sostiene que la actuación de la agencia no está basada en evidencia sustancial o que reduzca el valor de la evidencia impugnada, el tribunal respetará las determinaciones de hechos y no deberá sustituir el criterio de la agencia por el suyo. *Ramírez v. Departamento de Salud*, 147 D.P.R. 901 (1999); *Domínguez Talavera v. Caguas Expressway Motors, Inc. ante.* Las determinaciones de hechos de organismos y agencias *"tienen a su favor una presunción de regularidad y corrección que debe ser respetada mientras la parte que las impugne no produzca evidencia suficiente para derrotarlas."* *Henríquez v. Consejo Educación Superior*, 120 D. P.R. 194, 210 (1987); *Facultad para las Ciencias Sociales Aplicadas, Inc. v. Consejo de Educación Superior, ante,* pág. 532 (1993).

La deferencia reconocida a la decisión de una agencia administrativa, cede en las siguientes circunstancias: (1) cuando la decisión no está basada en evidencia sustancial, (2) cuando el organismo administrativo ha errado en la aplicación de la ley, *Rebollo Vda. de Liceaga v. Yiyi Motors, Motor Ambar, Inc., supra; Reyes Salcedo v. Policía de Puerto Rico,* 143 D.P.R. 85 (1997), y (3) cuando ha mediado una actuación irrazonable o ilegal. *T-JAC, Inc. v. Caguas Centrum Limited,* 148 D.P.R. 70 (1999). Si el tribunal no se encuentra ante alguna de estas situaciones, aunque exista más de una interpretación razonable de los hechos, debe sostener la que seleccionó la agencia encargada.

**B**

En virtud de la Ley de Garantías de Vehículos de Motor, Ley Núm. 7 de 24 de septiembre de 1979, 10 L.P.R. A. sec. 2051 *et. seq.*, se promulgó el Reglamento Núm. 4797 de Garantías de Vehículos de Motor, para proteger a los consumidores de Puerto Rico en la adquisición de vehículos de motor. *Polanco López v. Cacique Motors,* res el 30 de junio de 2005, **2005 J.T.S. 101**, 164 DPR __ (2005).

Este Reglamento se aplica a toda persona que se dedique a la venta de vehículos de motor nuevos o usados en Puerto Rico. Artículo 3, Reglamento Núm. 4797 de Garantías de Vehículos de Motor; *Polanco López v. Cacique Motors, supra.* Este reglamento debe interpretarse liberalmente a favor del consumidor. Artículo 4, Reglamento Núm. 4797 de Garantías de Vehículos de Motor; *Id.*

El Reglamento no limita el derecho del consumidor a ejercer cualquier acción que le reconozcan las leyes del Estado Libre Asociado de Puerto Rico, así como las acciones de saneamiento por evicción o vicios ocultos, y la acción redhibitoria que reconoce el Código Civil para los contratos de compraventa de bienes muebles. *Id.*

**C**

El Código Civil de Puerto Rico dispone que todo vendedor está obligado a la entrega y saneamiento de la cosa vendida. Artículo 1350, 31 L.P.R.A. sec. 3801. Este deber de saneamiento, que complementa el deber de la entrega, garantiza al comprador que el vendedor responderá de la posesión legal y pacífica de la cosa comprada y de los vicios o defectos ocultos que tuviere. Artículo 1363, 31 L.P.R.A. sec. 3831; *Polanco López v. Cacique Motors, supra. "El comprador adquiere la cosa para utilizarla según mejor lo estime."Id.* Esta finalidad se vería malograda si entregado el objeto, su adquirente se viera privado de la cosa o simplemente no pudiera aplicarla a los usos a los que había intencionado. I. Sierra Gil de la Cuesta, Comentarios del Código Civil, Tomo 7, Editorial

Bosch, España, 2000, a la pág. 391. *Polanco López v. Cacique Motors, supra.*

El saneamiento por vicios ocultos contempla situaciones en las que posterior a la entrega se evidencian en la cosa defectos intrínsecos que exceden las imperfecciones menores que cabe esperar normalmente en un producto determinado. *D.A.C.O. v. Marcelino Mercury,* 105 D.P.R. 80 (1976). *Polanco López v. Cacique Motors, supra.*

De acuerdo a la doctrina, para que proceda una acción de saneamiento por vicios ocultos han de coincidir los siguientes requisitos: que la cosa adolezca de un vicio oculto, que no sea conocido por el adquirente al momento de la compraventa; que el vicio sea de tal gravedad que haga la cosa impropia para el uso a la que se destina o disminuya notablemente su valor de manera que el comprador no habría adquirido la cosa de haberlo conocido; el defecto debe ser preexistente a la venta; y la acción debe ejercitarse dentro del plazo legal de seis (6) meses contados desde la entrega de la cosa vendida. Artículos 1373 y 1379 del Código Civil, 31 L.P.R.A. secs. 3841 y 3847. *Polanco López v. Cacique Motors, supra.* El Tribunal Supremo ha resuelto que dicho plazo comienza a transcurrir no desde la fecha de perfección del contrato, sino desde el momento en que cesan las gestiones de inteligencia entre las partes. *Ferrer Delgado v. General Motors. Corp.,* 102 D.P.R. 823 (1972); *Casa Jaime Corp. v. Castro,* 89 D.P.R. 702 (1963).

En casos de saneamiento por vicios ocultos, el Código dispone que el comprador puede optar entre desistir del contrato, abonándose los gastos pagados; o reducir el precio en una cantidad proporcional, a juicio de peritos. Artículo 1375, 31 L.P.R.A. sec. 3843. La primera opción, denominada acción redhibitoria, representa la restitución *in integrum* ya que coloca a las partes en la misma condición en la que se hallaban antes de la compraventa. La segunda, conocida como acción *quanti minoris,* conlleva la restitución del precio percibido en proporción a la pérdida de valor en la cosa, a consecuencia del defecto. Q.M. Scaevola, *Código Civil,* Tomo XXIII, Reus S.A., Madrid, 1970, págs. 196-197. Por último, dispone el Código que en caso que el vendedor conociera del defecto oculto y no lo comunicara al comprador, el último tendrá derecho también a reclamar en concepto de daños y perjuicios. Artículo 1375, *supra.*

El Tribunal Supremo ha expresado sobre los vicios ocultos en un vehículo de motor que el paso inicial consiste en determinar si los defectos de que adolece el automóvil constituyen un vicio oculto, sea redhibitorio o cuantiminoso. *García Viera v. Ciudad Chevrolet, Inc.,* 110 D.P.R. 158 (1980); *Polanco López v. Cacique Motors, supra.* En *Ferrer Delgado v. General Motors Corp., supra,* el Tribunal Supremo reconoció que, por lo general, el comprador de un vehículo de motor no es un perito en mecánica automotriz. Siendo así, requerirle al comprador, lego en materia de mecánica, que pruebe exactamente qué piezas son las defectuosas, sería imponerle una carga de prueba injusta. Allí resolvimos que ante esta situación, el comprador no perito sólo viene obligado a demostrar que al momento de la compraventa el automóvil funcionaba normalmente, y que el vendedor no quiso o no pudo corregir el defecto, a pesar de haber tenido la oportunidad de hacerlo.

## D

La Ley Complementaria de Garantías de Vehículos de Motor, 10 L.P.R.A. 2066 *et seq,* aplica a los vehículos de motor adquiridos en y a partir del 1 de enero de 1999. Esta ley provee un período de derecho de garantía mínima de veinticuatro (24) meses después de la fecha en la cual el vehículo de motor fue entregado al consumidor. Art. 2 de la Ley Complementaria de Garantías de Vehículos de Motor, *supra.* Esta ley define como vicios, *"[u]n defecto o condición que sustancialmente menoscaba el uso, valor o seguridad de un vehículo de motor...".* Asimismo, la Ley Núm. 330, *supra,* dispone en su Artículo 4(c)(1) y (2) lo siguiente:

*"(c) Se presume que un número razonable de intentos razonables han sido emprendidos para ajustar el vehículo de motor a la garantía si, durante el derecho de garantía mínima:*

*(1) El mismo vicio ha sido objeto de reparación por lo menos tres (3) veces por el manufacturero o agente de servicio autorizado, más un intento por el manufacturero para reparar el vehículo han sido emprendido...*

*(2) El vehículo de motor no ha estado disponible por razón de uno (1) o más vicios por el manufacturero, o su agente de servicio autorizado, por un total acumulativo de treinta (30) días...".*

## III

En el caso ante nos, la recurrente no probó ante este foro que la decisión de la agencia no estuvo basada en evidencia sustancial, que el organismo administrativo ha errado en la aplicación de la ley o que haya mediado una actuación irrazonable o ilegal. Igualmente, aun cuando la Ley Núm. 330, *supra,* es aplicable a este caso y a pesar de que la acción de la recurrente contra el vendedor fue presentada a tiempo, ésta no demostró que el auto estuviera afectado por un vicio que sustancialmente menoscabara su uso, valor o seguridad o que lo hiciera impropio para su uso. Por el contrario, la recurrente siempre pudo utilizar su vehículo.

De la transcripción de la vista administrativa, se desprende que en todas las ocasiones en que la recurrente visitó un taller de reparación fue atendida adecuadamente. Más aún, la propia recurrente afirmó que su vehículo había recorrido sesenta y cinco mil (65,000) millas aproximadamente al momento de la vista administrativa y que nunca la había dejado a pie.

## IV

Por los fundamentos antes expuestos, se confirma la resolución emitida por el DACO el 8 de abril de 2008.

Lo acordó el Tribunal y lo certifica la señora Secretaria.

María Elena Pérez Ortiz
Secretaria del Tribunal de Apelaciones