EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Alid A. Pérez Vélez  Recurrida  v.  VPH Motors Corp. H/N/C Triangle Chrysler del Oeste; Chrysler International Services, S.A.; Cooperativa de Ahorro y Crédito de Mayagüez  Peticionario | Certiorari  2000 TSPR 165 |
|---|---|

Número del Caso: CC-2000-0731

Fecha: 03/noviembre/2000

Tribunal de Circuito de Apelaciones:

Circuito Regional IV

Panel Integrado por:

Hon. López Vilanova
Hon. Córdova Arone
Hon. Escribao Medina

Abogados de Chrysler International Services, S.A.:

Bufete Coto, Malley & Tamargo
Lcdo. John Malley Vega
Lcdo. Gabriel A. Peñagaricano

Abogados VPH Motors Corp.:

Lcdo. Luis Pérez Lebrón
Lcda. Maisabel Paret Drós

Abogado de Cooperativa de Ahorro y Crédito de Mayagüez:

Lcdo. Relín Sosa Ramírez

Abogado de Alid A. Pérez Vélez:

Lcdo. Mario J. García Incera

Materia: Revisión de Decisión de Agencia Administrativa

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Alid A. Pérez Vélez

                            Recurrido
                             CC-2000-731
        vs.                 CC-2000-763         CERTIORARI

VPH Motors Corp. h/n/c Triangle
Chrysler del Oeste; Chrysler
International Services, S.A.,
etc.

      Peticionarios


PER CURIAM
(Regla 50)

San Juan, Puerto Rico, a 3 de noviembre de 2000

      Alid A. Pérez Vélez adquirió, el día 15 de agosto de 1996, de VPH Motors Corp. un vehículo de motor, marca Dodge, modelo Caravan, del año 1996, por el precio de $26,995.00, siendo financiada la compra del referido vehículo de motor por la Cooperativa de Ahorro y Crédito de Mayagüez. Dicho vehículo contaba con una garantía de fábrica de tres (3) años o treinta y seis (36) mil millas.

      Entre el mes de junio de 1997 al mes de junio de 1998, el Sr. Pérez Vélez se vio en la obligación, debido a fallas y defectos del vehículo, de llevar el mismo, para la correspondiente reparación, a VPH Motors Corp. en aproximadamente quince (15) ocasiones. El carro fue reparado, entre otras cosas, en relación con el sistema de aire acondicionado; las bandas y los tambores de los frenos traseros del vehículo; el freno de emergencia; los "bushings" del guía; cambio de los "pads" del freno; reemplazo de los piñones del guía; la bomba de freno; la serpentina del vehículo y tensor de la misma; el sensor del sistema de "antilock" del vehículo; nuevamente los frenos; reemplazo total de la caña del guía; la

transmisión; etc.

El 31 de agosto de 1998, el Sr. Pérez Vélez se querelló ante el Departamento de Asuntos del Consumidor (D.A.C.O.) contra VPH Motors y Chrysler International Services, S.A., alegando que el vendedor del auto no había podido arreglar satisfactoriamente el vehículo. Entre el 12 de septiembre de 1998 y el 5 de diciembre de ese mismo año, el carro tuvo que ser llevado al "dealer", para reparación, en tres (3) nuevas ocasiones; ello en relación con la transmisión del referido vehículo; el sistema de frenos; y la bomba del radiador.

El 26 de marzo de 1999, un técnico automotriz del D.A.C.O. examinó el vehículo de motor en controversia, determinando que el mismo continuaba presentando: ruido y vibración en la columna del guía; fallas en la transmisión; mal funcionamiento del sistema de aire acondicionado; sobrecalentamiento del motor; y sobrecalentamiento del sistema de frenos. Al momento de la celebración de la vista evidenciaria ante el D.A.C.O., el referido vehículo no encendía ni estaba autorizado a transitar por las vías públicas de Puerto Rico por no cumplir con los requisitos mínimos de control de emisiones.

El 24 de febrero de 2000, el D.A.C.O. emitió resolución en la cual declaró con lugar la querella instada por el querellante, Sr. Alid O. Pérez Vélez, contra las querelladas VPH Motors, Inc. h/n/c Triangle Dealers-Honda del Oeste y Chrysler International Services, S.A., vendedoras y distribuidoras del vehículo; y, por consiguiente, ordenó la rescisión del contrato otorgado entre las partes. Dicha resolución fue notificada y archivada en autos el 1 de marzo de 2000.

En esencia, adujo el D.A.C.O. que la prueba desfilada en el caso demostró que las co-querelladas VPH Motors y Chrysler International Services, distribuidoras del vehículo, tuvieron la oportunidad de reparar los defectos y no quisieron o no pudieron corregirlos; que los vicios o defectos de los que adolece el vehículo, son de carácter redhibitorios; y que dichos defectos son preexistentes a la venta y que el comprador no tuvo conocimiento de los mismos hasta después de verificada la compraventa, cuando empezaron a surgir dichos defectos. Señaló además el D.A.C.O., que dichos defectos, aunque no

han imposibilitado el uso del vehículo, han causado una merma en el valor del mismo y lo hacen impropio para el uso a que se destina, pues es un vehículo familiar el cual se hace inseguro por los defectos aludidos. Señaló en este sentido el D.A.C.O., que tanto VPH Motors y Chrysler International Services, como vendedoras y distribuidoras del vehículo, respectivamente, son solidariamente responsables de la devolución del precio al querellante. En cuanto a la Cooperativa, desestimó la querella bajo el fundamento de que el comprador no le notificó según requiere la ley.

Inconformes con dicha decisión, tanto VPH Motors como Chrysler International Services, radicaron moción de reconsideración, el primero oportunamente y el segundo tardíamente, esto es, fuera del término de veinte (20) días que para ello prescribe la Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. sec. 2165. El D.A.C.O. no se expresó sobre dichas mociones de reconsideración.

En vista a ello, el 5 de mayo de 2000, tanto VPH Motors como Chrysler International Services, interpusieron recursos de revisión ante el Tribunal de Circuito de Apelaciones. El querellante Pérez Vélez solicitó la desestimación del recurso de revisión radicado por Chrysler International Services. Argumentó que, habiendo sido radicada tardíamente su moción de reconsideración, el término para solicitar revisión no había sido, en cuanto a él, interrumpido, razón por la cual el recurso de revisión también había sido radicado tardíamente.

El foro apelativo intermedio, luego de haberle concedido término a Chrysler International Services para mostrar causa, dictó resolución desestimando el recurso radicado por ésta. Denegada la reconsideración que radicara, Chrysler International Services acudió ante este Tribunal imputándole al tribunal apelativo intermedio haber errado al resolver que ella había presentado su recurso tardíamente.

Entretanto, el Tribunal de Circuito de Apelaciones dictó sentencia confirmatoria de la resolución del D.A.C.O., sosteniendo que la evidencia presentada ante la referida agencia sostenía sus determinaciones de hechos y conclusiones de derecho.

Inconforme, VPH Motors acudió --vía *certiorari*-- ante este Tribunal en

revisión de dicha sentencia, alegando que:

> "INCURRIÓ EL TCA EN ERROR MANIFIESTO AL DENEGAR EL AUTO SOLICITADO TODA VEZ QUE DACO EN LA RESOLUCIÓN DECRETANDO LA RESCISIÓN DE LA COMPARAVENTA OBVIÓ PRUEBA ESPECÍFICA QUE MENOSCABA LA VALIDEZ DE SUS DETERMINACIONES, DICHAS DETERMINACIONES NO ESTÁN APOYADAS POR EVIDENCIA SUSTANCIAL, Y RECIBIÓ DE FORMA EX-PARTE INFORMACIÓN PERJUDICIAL A LA PARTE PETICIONARIA."

Consolidamos ambos recursos. Estando en condiciones de resolver los mismos, y al amparo de la Regla 50 de nuestro Reglamento, procedemos a así hacerlo.

I

Centramos nuestra atención, en primer lugar, en el recurso radicado por Chrysler International Services.

A través de su único señalamiento de error aduce Chrysler International Services que incidió el Tribunal de Circuito de Apelaciones al resolver que presentó tardíamente su recurso de revisión. Como argumento principal sostiene que, aun cuando se asumiese que presentó tardíamente su solicitud de reconsideración ante el D.A.C.O., la oportuna presentación de reconsideración por parte del coquerellado, VHP Motors Corp., interrumpió el plazo para acudir en alzada, resultando radicado en tiempo el recurso de revisión. En cuanto a este punto, le asiste la razón a Chrysler International Services. Veamos.

La Sección 3.15 de L.P.A.U., 3 L.P.R.A. sec. 2165, provee para que la parte adversamente afectada por una determinación de una agencia administrativa pueda solicitar reconsideración ante la agencia. A tales efectos, la ley dispone lo siguiente:

> "La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. Tal resolución deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la moción de reconsideración. Si la agencia acoge la moción de reconsideración pero deja de tomar alguna acción con relación a la moción dentro

de los noventa (90) días de ésta haber sido radicada, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término de noventa (90) días salvo que la agencia, por justa causa y dentro de esos noventa (90) días, prorrogue el término para resolver por un período que no excederá de treinta (30) días adicionales."

Similar disposición se encuentra contenida en la Regla 30.1 de las de Procedimiento Adjudicativo del D.A.C.O., Reglamento 5416 de 24 de abril de 1996.

Por su parte, la Sección 4.2 de L.P.A.U., 31 L.P.R.A. sec. 2172, relativa al recurso de revisión judicial, provee en lo pertinente que:

"Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Circuito de Apelaciones, dentro de un término de 30 días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la sec. 2165 de este título, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. La parte notificará la presentación de la solicitud de revisión a la agencia y a todas las partes dentro del término para solicitar dicha revisión. La notificación podrá hacerse por correo.

De las disposiciones antes citadas se desprende claramente que la oportuna presentación de una moción de reconsideración ante la agencia tiene el efecto de interrumpir el término para solicitar la revisión judicial del dictamen administrativo. Aun cuando explícitamente tales disposiciones no establecen que la interrupción del término para acudir en revisión decretada en virtud de que una parte presente oportuna moción de reconsideración ante la agencia, beneficia al resto de las partes en el pleito, ello resulta una consecuencia lógica del trámite procesal a los fines de asegurar uniformidad y certeza a las partes en cuanto al término para solicitar la revisión judicial del dictamen de la agencia. De quedar alguna duda al respecto, la misma debe quedar disipada mediante la aplicación por analogía de la Regla 47 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 47. A tenor con dicha regla, la interrupción del término para acudir en alzada producto de la oportuna solicitud de reconsideración de una de las partes, beneficia a cualquier otra parte que se hallase en el pleito.

Sabido es que, como regla general, las Reglas de Procedimiento Civil

no aplican automáticamente en procedimientos administrativos. Véase, López v. Policía de Puerto Rico, 118 D.P.R. 219 (1986); Berríos v. Comisión, 102 D.P.R. 228 (1974); Martínez v. Tribunal Superior, 83 D.P.R. 717 (1961). La existencia de dicha norma recae sobre la necesidad de que los organismos administrativos funcionen sin la inflexibilidad que generalmente caracteriza a los tribunales. Véase Martínez, ante. El proceso administrativo debe ser ágil y sencillo. Véase López, ante. De lo contrario "se derrotaría el fundamento mismo de su existencia como agencia administrativa: que lo justo impere sin las trabas procesales de los tribunales de justicia". Véase Martínez, ante.

No obstante dicha norma, reiteradamente este Tribunal ha resuelto que "...nada impide que en casos apropiados se adopten normas de las Reglas de Procedimiento Civil para guiar el curso del proceso administrativo, cuando las mismas no sean incompatibles con dicho proceso y propicien una solución justa, rápida y económica." Véase Ortiz Ocasio v. Administración de los Sistemas de Retiro, res. el 19 de marzo de 1999, 99 T.S.P.R. 29; Ind. Cortinera Inc. v. P.R.T.C., 132 D.P.R. 654, 660 (1993); Pérez Rodríguez v. P.R. Parking Systems, Inc., 119 D.P.R. 634 (1987). De hecho, con anterioridad este Tribunal ha aplicado la Regla 47 de Procedimiento Civil, a procedimientos administrativos en más de una ocasión. Veamos.

En Pérez Rodríguez v. P.R. Parking Systems, Inc., ante, este Tribunal, al analizar el Artículo 16 de la Ley Orgánica del D.A.C.O.[1], aplicó el principio contenido en la Regla 47 a los efectos de que si "...se tomare alguna determinación en consideración [de la moción de reconsideración], el término

---

[1] Dicho artículo disponía:

> "Cualquier parte adversamente afectada por la decisión del Secretario, o del funcionario que éste designe a tenor con el Inciso (d) de la Sección 341(e) de este título, en un procedimiento de naturaleza *cuasi judicial* o *cuasi* legislativa deberá, salvo en los procedimientos radicados por la Oficina de Asuntos Monopolísticos, solicitar reconsideración del Secretario. El Secretario tendrá treinta (30) días para decidir la reconsideración solicitada, pasados los cuales, sino ha emitido su decisión se entenderá no ha lugar a la reconsideración

[para acudir en alzada] ... empezará a contarse desde la fecha en que se archiva en los autos una copia de la notificación de la resolución ... resolviendo definitivamente la moción de reconsideración." A la luz de lo anterior, este Tribunal resolvió que, a tenor con la Regla 47, el término de treinta (30) días para acudir del D.A.C.O. al Tribunal de Circuito de Apelaciones establecido en el antedicho Artículo 16, se entiende interrumpido cuando dicho organismo administrativo toma acción afirmativa dentro del referido término. En dicha situación, se resolvió que el término empezará a contarse nuevamente a partir de la fecha en que la agencia resuelva definitivamente la moción de reconsideración, la cual acogió.

Similarmente, en Ortiz Ocasio v. Administración de los Sistemas de Retiro, ante, al analizar la Sección 3.15 de L.P.A.U., este Tribunal tomó por analogía las normas promulgadas en relación a la Regla 47, y resolvió que la agencia administrativa "tomó alguna determinación" sobre la moción de reconsideración al ordenar a la parte adversa exponer su posición respecto a la misma. Por lo tanto, el término para solicitar revisión judicial ante el Tribunal de Circuito de Apelaciones quedó interrumpido, y comenzó a contar desde la expiración de los noventa (90) días de haber sido radicada la moción de reconsideración.

Nótese que en los casos de Pérez Rodríguez y Ortiz Ocasio, ante, este Tribunal aplicó a procedimientos administrativos aspectos de la Regla 47 que, al igual que en el caso de autos, tenían que ver con la interrupción del término para acudir en revisión judicial. De manera similar a los casos anteriormente discutidos, la aplicación de la Regla 47 al caso de autos no trastoca en lo absoluto lo que pretende proteger la jurisprudencia con la norma de la no aplicabilidad de las Reglas de Procedimiento Civil en procedimientos administrativos. Dado lo anterior, no existe razón alguna por la cual en el caso de autos no se deba aplicar la norma de la Regla 47 respecto a que la interrupción del término para solicitar revisión judicial por una parte beneficia a todas las partes en el pleito. Concluir que dicha norma no es aplicable a los procedimientos administrativos tendría unos resultados irrazonables e injustos. Ello debido a que se daría la situación

solicitada, disponiéndose que el Secretario

en la cual la resolución emitida por el D.A.C.O. sería ejecutable contra Chrysler International Services, co-querellada solidariamente responsable, aun cuando no es final y firme el dictamen decretando la rescisión del contrato entre las partes.

En vista de lo anterior, incidió el Tribunal de Circuito de Apelaciones al determinar que la presentación de una solicitud de reconsideración por una de las partes no interrumpe el plazo para acudir en alzada para todas las demás partes en el pleito.

Ello no obstante, y en vista del hecho de que la revisión se da contra la sentencia y no contra sus fundamentos[2], acometemos la encomienda de determinar si la resolución del D.A.C.O. es una correcta o no. Estamos en posición de así hacerlo ya que contamos con el recurso radicado por el vendedor del vehículo, esto es, por VPH Motors Corp. Veamos.

## II

En virtud de la Ley de Garantías de Vehículos de Motor, Ley Núm. 7 de 24 de septiembre de 1979, 10 L.P.R.A. secs. 2051 y 551, el D.A.C.O. adoptó el Reglamento de Garantías de Vehículos de Motor, Reglamento Núm. 4797, entre otras cosas, para asegurarle a todo consumidor que adquiera un vehículo en Puerto Rico, que el mismo sirva los propósitos para los que fue adquirido, y que reúna las condiciones mínimas necesarias para garantizar la protección de su vida y propiedad. Véase Art. 2, Reglamento 4797, *ante*.

El Inciso 3 del Art. 240 de dicho Reglamento dispone que <u>el Departamento podrá, a opción del consumidor, decretar la resolución del contrato o reducir proporcionalmente su precio de venta de acuerdo a las disposiciones del Código Civil de Puerto Rico en aquellos casos en que el vendedor o su representante, dentro de los términos de la garantía, tuvo oportunidad razonable para reparar uno o más defectos, pero no quiso o no pudo corregirlos</u>. Determinándose que lo que constituye oportunidad razonable para reparar se determinará tomando en consideración las circunstancias particulares de cada caso.

notificará tal hecho a la parte afectada."

Por otro lado, el Artículo 34 de dicho Reglamento dispone que nada de lo dispuesto en el mismo limita en forma alguna el derecho del consumidor a ejercer cualquier acción que le reconozcan las leyes generales o especiales del Estado Libre Asociado de Puerto Rico, así como las acciones de saneamiento por evicción, saneamiento por vicios ocultos y la acción redhibitoria que reconoce el Código Civil de Puerto Rico.

Como es sabido, para que los vicios ocultos obliguen al vendedor a proveer saneamiento, es necesario cumplir con los siguientes requisitos: (1) éstos no deben ser conocidos por el adquirente; (b) el defecto debe ser grave o suficientemente importante para hacer la cosa impropia para el uso a que se le destina o que disminuya de tal modo este uso que, de haberlo conocido el comprador, no lo habría comprado o habría dado menos precio por ella; (c) que sea preexistente a la venta; y (d) que se ejercite la acción en el plazo legal, que es de seis meses contados desde la entrega de la cosa vendida. _Ferrer_ v. _General Motors Corp._, 100 D.P.R. 246 (1971).

Cabe señalar que dicho término de seis meses para entablar la acción de saneamiento por vicios ocultos, no se extingue automáticamente en todos los casos, a los seis meses contados desde la entrega de la cosa. Dicho término de seis meses es de aplicación a aquellos contratos de venta en los cuales no hay un término de garantía para la reparación gratuita de la cosa vendida por cuenta del vendedor. _Casa Jaime Corp._ v. _Castro_, 89 D.P.R. 702 (1963). En aquellos casos donde existe un contrato de venta condicional que contiene un término de garantía para la reparación gratuita por cuenta del vendedor, el plazo prescriptivo de seis meses que señala el Artículo 1379 del Código Civil, _ante_, para solicitar la rescisión de dicho contrato se cuenta, no desde la fecha de la perfección del contrato, sino desde el día en que se interrumpieron las gestiones de inteligencia entre las partes. Véase, _Ferrer_ v. _General Motors, Corp._, _ante_.

Basta con señalar que en el caso de autos las reparaciones del vehículo en cuestión se iniciaron dentro del periodo de garantía y que, al momento de celebrada la vista, el vehículo no había podido ser reparado a la

---

[2] Véase: _Pagán_ v. _Alcalde Mun. Cataño_, res. el 30 de mayo de 1997, 143 D.P.R.___(1997); _Vélez Rodríguez_ v. _Amaro Cora_, 138 D.P.R. 182 (1995).

satisfacción del dueño y continuaba mostrando problemas con la columna y mecanismo del guía, el sistema de enfriamiento del motor, la transmisión y el sistema de acondicionador de aire.

De otra parte, el defecto o vicio redhibitorio que justifica una rescisión es aquél que es tan "grave" que hace el vehículo impropio para su utilización y que efectivamente impide su uso, aunque no es necesario que se imposibilite el uso si ha mermado razonablemente el valor del vehículo en poco tiempo. Domínguez Talavera v. Caguas Expressway Motors, Inc., et als., res. el 24 de mayo de 1999, 99 T.S.P.R. 80.

Como bien señala el Tribunal de Circuito, los defectos que muestra el vehículo del Sr. Pérez Vélez, exceden lo normal. El vehículo fue reparado en el taller de VHP Motors por lo menos en catorce (14) ocasiones en un periodo de más o menos un año y al momento de la vista continuaba presentando los mismos problemas. Además, el D.A.C.O. determinó que al momento de la vista, el vehículo no estaba autorizado a transitar en Puerto Rico, toda vez que no cumplía con los requisitos de control de emisiones debido al problema de enfriamiento.

En este sentido, se puede entender que los defectos, aunque no han imposibilitado el uso del vehículo, sí lo hacen impropio para el uso a que se destina y de cierta manera, han mermado el valor de la unidad.

Aunque alega el peticionario haber enviado al comprador un "Recall" del manufacturero para que llevara el vehículo a un taller para que se verificara y se corrigiera un problema en el ventilador del radiador que pudiera causar recalentamiento del motor, lo cierto es que VHP Motors no fue lo suficientemente diligente y riguroso en detectar la causa del defecto presentado por el vehículo y repararlo adecuadamente. Este Tribunal ha establecido, que para llevar a cabo la acción redhibitoria por vicios ocultos en autos defectuosos, solamente compete al comprador probar que el automóvil que compró no funciona en forma normal y que el vendedor tuvo oportunidad de corregir los defectos y no pudo o no los corrigió. Ford Motor Co. v. Benet, 106 D.P.R. 232, 238 (1978).

En vista de lo anterior, entendemos que en el caso de autos, los desperfectos existentes en el vehículo del Sr. Pérez Vélez dan lugar a la

resolución del contrato de compraventa y que la prueba presentada y recibida por el foro administrativo era suficiente para apoyar dicha determinación. Como es sabido, existe una presunción de legalidad y corrección a favor de las decisiones administrativas. A.R.P.E. v. Junta de Apelaciones sobre Construcciones y Lotificaciones, 124 D.P.R. 864 (1989). Los tribunales deben indagar sobre la razonabilidad de la decisión administrativa y no deben sustituir el criterio de dicho organismo por el suyo propio, a menos que se infrinjan directamente valores constitucionales, o cuando, la actuación administrativa sea arbitraria o irrazonable. Véase: Facultad para la Ciencias Sociales v. C.E.S., 133 D.P.R. 521 (1993).

Por último, alega el peticionario que concluida la vista, y de manera secreta, el Sr. Pérez Vélez envió a la Oficial Examinadora literatura y publicaciones adversas a los recurrentes y al modelo Caravan objeto de la querella, lo cual es inflamatorio e inadmisible.

Entendemos, como el Tribunal de Circuito, que dicha actuación fue altamente impropia. No obstante, aunque la misma fue recibida por el foro administrativo, no surge del expediente que dicha evidencia haya sido de alguna manera considerada por el oficial examinador.

Como antes señaláramos, la determinación del D.A.C.O. estuvo sostenida por evidencia sustancial en récord, diferente e independiente de los documentos adicionales alegadamente sometidos por el Sr. Pérez Vélez después de celebrada la vista.

En fin, en el caso de autos, el juzgador hizo abstracción de dichos documentos y tomó su determinación a base de la información habida en el expediente que fue debidamente admitida.

III

Por todos los fundamentos antes señalados, procede que expidamos y dictemos Sentencia confirmatoria de la resolución emitida por el Departamento de Asuntos del Consumidor en el presente caso, ello tanto en cuanto al peticionario VHP Motors Corp como en cuanto a la peticionaria Chrysler International Services, S.A..

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

**Alid A. Pérez Vélez**

**vs.**

**VPH Motors Corp. h/n/c Triangle
Chrysler del Oeste; Chrysler
International Services, S.A.,
etc.**

    **Peticionarios**

Recurrido
**CC-2000-731**
**CC-2000-763**            **CERTIORARI**

**SENTENCIA**

**San Juan, Puerto Rico, a 3 de noviembre de 2000**

Por los fundamentos expuestos en la Opinión Per Curiam (Regla 50) que antecede, la cual se hace formar parte íntegra de la presente, se expide el auto y se dicta Sentencia confirmatoria de la resolución emitida por el Departamento de Asuntos del Consumidor en el presente caso, <u>ello tanto en cuanto al peticionario VHP Motors Corp. como en cuanto a la peticionaria Chrysler International Services, S.A.</u>.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

**Isabel Llompart Zeno**
**Secretaria del Tribunal Supremo**