ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| JOSÉ L. TORRES TORRES,<br><br>Recurrente,<br><br>v.<br><br>LUMA ENERGY SERVCO, LLC; AUTORIDAD DE ENERGÍA ELÉCTRICA DE PUERTO RICO,<br><br>Recurrida. | KLRA202300490 | REVISIÓN procedente de la Junta Reglamentadora de Servicio Público, Negociado de Energía de Puerto Rico.<br><br>Caso núm.: NEPR-QR-2022-0005.<br><br>Sobre: resolución final y orden sobre querella de revisión formal de factura. |

Panel integrado por su presidente, el juez Hernández Sánchez, la jueza Romero García y la jueza Martínez Cordero.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 29 de septiembre de 2023.

Comparece la parte recurrente, señor José L. Torres, y nos solicita que revoquemos la *Resolución* emitida por el Negociado de Energía de la Junta Reglamentadora de Servicio Público de Puerto Rico (Negociado de Energía), el 17 de julio de 2023, notificada el 18 de julio de 2023.

Por los fundamentos que expondremos a continuación, **desestimamos el presente recurso de revisión judicial por falta de jurisdicción**.

I

El **14 de enero de 2022**, el señor Torres Torres presentó una querella ante el Negociado de Energía, en la que objetó una factura de servicio eléctrico del 1 de octubre de 2021, por la cantidad de $1,710.44[1].

Tras ciertas incidencias procesales, el **17 de julio de 2023**, el Negociado de Energía emitió su determinación, a través de la cual declaró con lugar una solicitud de desestimación presentada por LUMA Energy. Además, ordenó el cierre y archivo del caso sin perjuicio. Dicha

---

[1] *Véase*, apéndice del recurso, a las págs. 7-9.

Número identificador

SEN2023_____

determinación **fue archivada en autos y notificada a las partes el 18 de julio de 2023**[2].

Así las cosas, el **8 de agosto de 2023**, veintiún (21) días más tarde y fuera del término jurisdiccional para ello, el señor Torres Torres presentó una moción de reconsideración ante el Negociado de Energía[3].

El **16 de agosto de 2023**, el Negociado notificó al señor Torres Torres la denegatoria de su solicitud de reconsideración. Ello, al amparo de la Sección 3.15 de la Ley Núm. 38-2017, intitulada *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico,* según enmendada, 3 LPRA sec. 9655, y la Sección 11.01 del *Reglamento de procedimientos adjudicativos, avisos de incumplimiento, revisión de tarifa e investigaciones*, Reglamento Núm. 8543 de 18 de septiembre de 2014. Con dicho proceder, el Negociado de Energía aclaró que carecía de jurisdicción para atender la moción de reconsideración del señor Torres Torres en tanto la misma había sido presentada fuera del término jurisdiccional para ello[4].

Inconforme con la referida determinación, **15 de septiembre de 2023**, el recurrente compareció ante este Tribunal mediante este recurso. Tras un examen del expediente, notamos que el mismo estaba incompleto, pues no contaba con copia de la *Resolución* emitida por el Negociado de Energía que había declarado sin lugar la moción de reconsideración presentada el 8 de agosto de 2023.

En atención a ello, el 20 de septiembre de 2023, emitimos una *Resolución* mediante la cual concedimos al señor Torres Torres un término para que presentara copia de la denegatoria de la reconsideración que había sometido ante la agencia. Además, le apercibimos que contaba con el mismo término para mostrar causa por la cual no debíamos desestimar el presente recurso. Ello, a la luz de su presentación en exceso del término jurisdiccional de treinta (30) días.

---

[2] *Véase*, apéndice del recurso, a la pág. 37.

[3] *Íd.*, a la pág. 30.

[4] Cabe destacar que la referida determinación no fue incluida inicialmente en el apéndice del recurso.

El 26 de septiembre de 2023, el señor Torres Torres presentó su moción en cumplimiento de orden a la que adjuntó la *Resolución* mediante la cual el Negociado de Energía había declarado sin lugar su moción de reconsideración. Además, insistió en que este Tribunal de Apelaciones ostentaba jurisdicción para atender su recurso de revisión. Ello, en virtud de la fecha en que se había notificado la denegatoria de su moción de reconsideración. Empero, obvió los fundamentos tal denegatoria; es decir, la presentación tardía de su solicitud de reconsideración.

Evaluado el recurso, nos es forzoso desestimarlo por falta de jurisdicción.

II

La Sec. 3.14 de la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAUG)*,* Ley Núm. 38-2017, 3 LPRA sec. 9654, impone a las agencias el deber de notificar a las partes las órdenes o resoluciones finales de los casos. Dicho requisito es imprescindible para que la parte adversamente afectada pueda presentar una reconsideración o un recurso de revisión.  Así pues,

.      .      .      .      .      .      .      .

La orden o resolución advertirá el derecho de solicitar la reconsideración ante la agencia o de instar el recurso de revisión como cuestión de derecho en el Tribunal de Apelaciones, así como las partes que deberán ser notificadas del recurso de revisión, con expresión de los términos correspondientes. **Cumplido este requisito comenzarán a correr dichos términos**.
.      .      .      .      .      .      .      .

3 LPRA sec. 9654. (Énfasis nuestro).

Ahora bien, en cuando al término que le asiste a la parte para solicitar reconsideración ante la agencia, el precitado estatuto dispone:

La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del **término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden**, presentar una moción de reconsideración de la resolución u orden.
.      .      .      .      .      .      .      .

3 LPRA sec. 9655. (Énfasis nuestro).

Con referencia al término para solicitar la revisión judicial, la Sec. 4.2 de la LPAUG dispone, en lo pertinente, que:

> Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia **o a partir de la fecha aplicable de las dispuestas en la sec. 3.15 de esta Ley, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la <u>presentación oportuna</u> de una moción de reconsideración.** [...].

> .        .        .        .        .        .        .        .

3 LPRA sec. 9672. (Énfasis y subrayado nuestros).

Cónsono con lo anterior, la Sec. 3.15 de la LPAUG, 3 LPRA sec. 9655, establece que la parte adversamente afectada por una resolución u orden podrá, dentro del término de veinte (20) días desde la fecha del archivo en autos de la notificación de la resolución, solicitar su reconsideración.

A su vez, el plazo concedido por la Regla 57 del Reglamento del Tribunal de Apelaciones, establece lo siguiente:

> El escrito inicial de revisión deberá ser presentado dentro del término jurisdiccional de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final del organismo o agencia. Si la fecha del archivo en autos de copia de la notificación de la resolución u orden es distinta a la del depósito en el correo de dicha notificación el término se calculará a partir de la fecha del depósito en el correo.

4 LPRA Ap. XXII–B, R. 57.

Por último, la Regla 83 (B) y (C) del Reglamento del Tribunal de Apelaciones le confiere autoridad a este Tribunal para desestimar un recurso por cualquiera de las siguientes circunstancias:

> .        .        .        .        .        .        .        .

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:

> (1) **que el Tribunal de Apelaciones carece de jurisdicción**;

> .        .        .        .        .        .        .        .

(C) **El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.**

.      .      .      .      .      .      .      .      .

4 LPRA Ap. XXII–B, R. 83.  (Énfasis nuestro).

III

Examinada la petición de revisión de la parte recurrente, concluimos que carecemos de autoridad para entender en los méritos de esta, toda vez que fue presentada fuera del término jurisdiccional para ello.

Del recurso presentado se desprende que el señor Torres Torres fue notificado de la *Resolución* final recurrida el 18 de julio de 2023. Inconforme con dicha determinación, presentó su solicitud de reconsideración el martes, 8 de agosto de 2023. Es decir, fuera del término dispuesto en ley. Ello quedó evidenciado en la denegatoria emitida por el Negociado de Energía en su *Resolución* notificada el 16 de agosto de 2023. Esta claramente pautaba que el fundamento para denegar la misma fue que la reconsideración se había presentado fuera del término jurisdiccional aplicable.

Como señalamos, y es harto conocido, en nuestro ordenamiento la consecuencia de no presentar la solicitud de reconsideración oportunamente – i.e., dentro del término de veinte (20) días que otorga la LPAUG - es que no se interrumpe el término para acudir en alzada ante este Tribunal de Apelaciones[5]. Por lo tanto, al haber presentado la solicitud de reconsideración de manera tardía, el término jurisdiccional de treinta (30) días para solicitar revisión ante este foro comenzó a transcurrir el 18 de julio de 2023, y no el 16 de agosto de 2023, como erróneamente nos plantea la parte recurrente[6].

---

[5] Solo la presentación oportuna de una moción de reconsideración interrumpe el término para solicitar revisión judicial de un dictamen administrativo. Véase*, Flores Concepción v. Taíno Motors*, 168 DPR 504, 514 (2006); *Pérez v. VHP Motors*, 152 DPR 475, 484 (2000); *Pagán Ramos v. Fondo del Seguro del Estado*, 129 DPR 888, 903 (1992).

[6] Bien podríamos inferir que la parte recurrente omitió adjuntar a su recurso la resolución que denegó su solicitud de reconsideración por error o inadvertencia (privándonos así de la información requerida para escrudiñar adecuadamente nuestra jurisdicción). Sin embargo, ante la oportunidad de rectificar su error, cuando la parte recurrente presentó su moción en cumplimiento de orden el 26 de septiembre de 2023, insistió en que este foro

IV

A la luz de lo antes expuesto, desestimamos el recurso ante nuestra consideración por falta de jurisdicción.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

intermedio sí ostentaba jurisdicción para atender los méritos del recurso, cuando claramente ese no era el caso.

Así pues, enfatizamos que tal actuación trastoca el deber de sinceridad y honradez que ha de guiar la profesión legal y que obliga a no utilizar medios que sean inconsistentes con la verdad, y que prohíben inducir al juzgador a error, utilizando artificios o una falsa relación de los hechos. *Véase*, Canon 35 del Código de Ética Profesional, 4 LPRA Ap. IX.