ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| SAMUEL SANTOS CORREA<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | TA2025RA00273 | *Revisión Administrativa* procedente del Departamento de Corrección y Rehabilitación, División de Remedios Administrativos<br><br>Sobre: Salario<br><br>Remedio administrativo: B-898-25 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 3 de diciembre de 2025.

Compareció ante nos, por derecho propio e *in forma pauperis*, el Sr. Samuel Santos Correa (en adelante, "señor Santos Correa" o "recurrente") mediante recurso de revisión administrativa presentado el 6 de octubre de 2025. Nos solicitó la revisión de la *Respuesta al miembro de la población correccional* emitida el 7 de julio de 2025 por el Departamento de Corrección y Rehabilitación (en adelante, "DCR").

Por los fundamentos que discutiremos a continuación, se **desestima** el recurso de epígrafe.

**-I-**

El señor Santos Correa presentó una *Solicitud de remedio administrativo* —identificada por el alfanumérico B-898-25— ante la División de Remedios Administrativos del DCR.[1] Allí solicitó que le facilitaran el "Reglamento de pagos por trabajo a confinados

---

[1] Véase, Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (en adelante, "SUMAC-TA"), entrada núm. 1.

actualizados" y "el remedio recibir paga [inentendible] por [sus] horas labores rendid[a]s".[2] Además, hizo constar que se comunicaría con el Departamento de Hacienda para corroborar "a donde están llegando las n[ó]minas de trabajadores sirviendo en las viviendas".[3]

El 7 de julio de 2025, la División de Remedios Administrativos del DCR a través de la evaluadora la Sra. Maribel García Charriez (en adelante, "señora García Charriez"), emitió *Respuesta al miembro de la población correccional*[4] en la que anejó la *Respuesta del área concernida/superintendente*[5]. En esta última, se atendió la referida solicitud y se dispuso como sigue: "El mismo puede conseguirlo en su Biblioteca de la Institución".[6]

En desacuerdo con esa determinación, el señor Santos Correa presentó una *Solicitud de reconsideración,* en la cual alegó que solicitó el referido reglamento en varias ocasiones y le indicaron que el mismo no se puede fotocopiar, sino que tiene que escribirlo.[7] A su entender, "[n]o es justo ¿porque si son varias pag.[?] eso no es justo". Además, indicó que necesitaba esa información, ya que trabajó como servidor en el módulo y no cobró.

El 8 de agosto de 2025, la División de Remedios Administrativos del DCR emitió *Respuesta de reconsideración al miembro de la población correccional* en la cual acogió la petición de reconsideración.[8]

Aun sin transcurrir el término que dispone el DCR para actuar, el señor Santos Correa acudió ante esta Curia mediante revisión administrativa.

Examinado el recurso, determinamos prescindir de la comparecencia de la parte recurrida, conforme a la Regla 7(B)(5) del

---

[2] *Id.*
[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.*

Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025)[9], y procedemos a exponer la normativa jurídica aplicable al caso ante nuestra consideración.

**-II-**

**A. Jurisdicción**

En nuestro ordenamiento jurídico se ha establecido que la jurisdicción "es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias que tiene ante sí". *R&B Power Inc., v. Junta de Subasta*, 213 DPR 685, 698 (2024); *FCPR V. ELA et al.*, 211 DPR 521, 529 (2023). En ese sentido, el factor jurisdiccional es el primer factor que debe considerar un tribunal en toda situación jurídica que se presente para su adjudicación. *R&B Power Inc., v. Junta de Subasta*, supra, pág. 698; *FCPR V. ELA et al.*, supra, pág. 530. De manera que los asuntos jurisdiccionales son privilegiados y deben ser atendidos de forma preferente. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020).

Acorde con ello, los tribunales estamos emplazados a ser fieles guardianes de nuestra jurisdiccion y carecemos de discreción para asumirla donde no la hay. *Íd.* Por ende, la falta de jurisdicción tiene los siguientes efectos:

> (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*.

*Fuentes Bonilla v. ELA*, 200 DPR 364, 372-373 (2018).

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas.*

---

[9] A partir del 16 de junio de 2025, las nuevas enmiendas incorporadas a nuestro Reglamento tienen vigencia inmediata en todos los procedimientos pendientes ante nos.

*Reglamento TA*, 2025 TSPR 42, págs. 109-110, 215 DPR __ (2025), confiere autoridad al Tribunal para desestimar un recurso de apelación o denegar un auto discrecional, a iniciativa propia o a petición de parte, cuando carezca de jurisdicción. De esa forma, si al hacer el análisis jurisdiccional, el tribunal concluye que carece de jurisdicción para adjudicar la cuestión ante su consideración, tiene el deber de así declararlo y proceder con la desestimación del recurso apelativo sin entrar en los méritos de la controversia. *Ruíz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 269 (2018).

**B. Revisión administrativa y la moción de reconsideración**

La Ley Núm. 38-2017, según enmendada, conocida como "Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico" (en adelante, "LPAU") dispone que las decisiones administrativas pueden ser revisadas por el Tribunal de Apelaciones. 3 LPRA sec. 9671. Como cuestión de derecho, la revisión judicial será sobre las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas. 3 LPRA sec. 9676. El propósito de tal disposición consiste en delimitar la discreción de los foros administrativos para asegurar que estos ejerzan sus funciones razonablemente y conforme a la ley. *Hernández Feliciano v. Mun. Quebradillas,* 211 DPR 99, 113-114 (2023).

Así pues, la Sección 4.2 de la LPAU dispone sobre los términos para instar un recurso de revisión ante el Tribunal de Apelaciones como sigue:

> Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración.

3 LPRA sec. 9672.

Cónsono con lo anterior, nuestro Alto Foro ha reiterado que la oportuna presentación de una moción de reconsideración ante la agencia tiene el efecto de interrumpir el término para solicitar la revisión judicial. *Pérez v. VPH Motor Corp.,* 152 DPR 475, 484 (2000). En particular, la Sección 3.15 de la LPAU provee los términos para presentar —de manera oportuna— una solicitud de reconsideración de la determinación de la agencia administrativa y el término para solicitar una revisión judicial, a saber:

> La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso.

3 LPRA sec. 9655.

En otras palabras, "la agencia administrativa puede hacer, dentro del término de quince días, lo siguiente: (1) tomar alguna determinación en su consideración; (2) rechazarla de plano, o (3) no actuar sobre ésta, lo cual equivale a rechazarla de plano." *Flores Concepción v. Taíno Motors*, 168 DPR 504, 514 (2006). Asimismo, la Sección 3.15 de la LPAU establece lo siguiente:

> Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. Tal resolución deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la moción de reconsideración. Si la agencia acoge la moción de reconsideración[,] pero deja de tornar alguna acción con relación a la moción dentro de los noventa (90) días de ésta haber sido radicada, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término de noventa (90) días […]

3 LPRA sec. 9656.

Además, cabe puntualizar que, el derecho a revisar las decisiones de las agencias administrativas está sujeto a la oportuna

presentación del recurso y a su correcto perfeccionamiento. *Isleta v. Inversiones Isleta Marina*, 203 DPR 585, 590 (2019).

Discutido el derecho aplicable, este Tribunal se encuentra en posición para resolver las controversias señaladas en el recurso de epígrafe.

**-III-**

De entrada, autorizamos la litigación *in forma pauperis* y por derecho propio del recurrente, toda vez que no posee los medios económicos para sufragar los costos del litigio. A continuación, tal cual nos es exigido, procedemos a examinar nuestra jurisdicción para atender el recurso que nos ocupa. Veamos.

Según señalamos en el acápite II de esta *Sentencia*, la LPAU dispone que la agencia administrativa, una vez acoge una solicitud de reconsideración, tiene noventa (90) días, a partir de la presentación de la solicitud, para resolver en sus méritos la petición. Asimismo, recuérdese que "el término para solicitar revisión [judicial en el Tribunal de Apelaciones] empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración". 3 LPRA sec. 9655.

De conformidad con los hechos reseñados, el 14 de julio de 2025, el señor Santos Correa presentó una *Solicitud de reconsideración* ante la División de Remedios Administrativos del DCR, quien la acogió el 8 de agosto de 2025. Por tanto, el DCR tenía noventa (90) días a partir del 14 de julio de 2025, para resolver la solicitud de reconsideración del señor Santos Correa. Esto es, el DCR disponía hasta el 13 de octubre de 2025 para emitir una resolución al respecto. Sin embargo, nótese que el recurso de epígrafe fue suscrito el 18 de septiembre de 2025, depositado en el correo postal el 2 de octubre de 2025 y recibido por este Tribunal revisor el 6 de octubre de 2025. Esto es, el señor Santos Correa

acudió ante esta Curia, aún sin transcurrir el término que dispone el DCR para actuar con relación a su solicitud de reconsideración. Por tanto, el recurso es prematuro.

Habiéndose presentado prematuramente el presente recurso de epígrafe, concluimos que carecemos de jurisdicción para atenderlo.

**-IV-**

Por los fundamentos previamente expuestos, se **desestima** el recurso de revisión administrativa por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones