Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL OATA-2025-227[1]

| ÁNGEL RIVERA CRUZ<br><br>Recurrente<br><br>v.<br><br>MUNICIPIO DE CIALES<br><br>Recurrido | TA2025RA00350 | Revisión Administrativa procedente de la Comisión Apelativa del Servicio Público<br><br>Querella Núm.: 2018-03-0543<br><br>Sobre: Retención |
|---|---|---|

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Rivera Marchand

**Ortiz Flores, Jueza Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 16 de enero de 2026.

Comparece ante nos el señor Ángel Rivera Cruz mediante *Recurso de Revisión Administrativa* presentado el 13 de noviembre de 2025, y nos solicita la revisión y revocación de una *Resolución* emitida el 8 de septiembre de 2025 y notificada el 9 de septiembre de 2025 por la Comisión Apelativa del Servicio Público en la que declaró *No Ha Lugar* la apelación sobre una determinación del Municipio Autónomo de Ciales.

Adelantamos que se *desestima* el recurso de revisión por falta de jurisdicción, conforme a las conclusiones de derecho que expondremos a continuación.

**I**

El 8 de enero de 2018, el señor Ángel Rivera Cruz (parte recurrente) recibió una *Carta de Apercibimiento*[2] de su empleador, el Municipio Autónomo de Ciales (parte recurrida), en la cual se le informó sobre la intención de disciplinarle por un alegado patrón de ausencias ocurridas en el año 2017 y se le notificó que se estaría celebrando una vista informal el 30 de enero de 2018. Celebrada la vista informal, el 20 de febrero de 2025,

---

[1] Conforme a la OATA-2025-227.
[2] Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA), a la Entrada Núm. 1, Anejo 1, págs. 1-3.

se le notificó al señor Rivera Cruz la imposición de una medida disciplinaria consistente con una suspensión de empleo y sueldo por quince (15) días.

Inconforme con dicha determinación, el recurrente acudió a la Comisión Apelativa del Servicio Público (CASP) mediante *Apelación*[3] presentada el 28 de marzo de 2018. A esos efectos, la parte recurrida presentó *Contestación a Apelación*[4] el 20 de septiembre de 2018. Luego de varios trámites procesales innecesarios pormenorizar, el 8 de septiembre de 2025 la CASP emitió una *Resolución*[5] en la cual declaró *No Ha Lugar* la *Apelación* presentada por el señor Rivera Cruz. La misma fue notificada y archivada en autos el 9 de septiembre de 2025.

Insatisfecho con la determinación de CASP, el recurrente presentó una *Moción en Solicitud de Reconsideración*[6] el 30 de septiembre de 2025 ante la agencia administrativa, la cual notificó a la parte recurrida el 3 de octubre de 2025. Por su parte, el Municipio de Ciales presentó su *Oposición a Moción de Reconsideración*[7] ante la CASP el 10 de octubre de 2025. Transcurrido el término para emitir resolución por parte de la CASP, la moción de reconsideración no fue atendida.

Así las cosas, comparece ante nos el señor Rivera Cruz mediante *Recurso de Revisión Administrativa,*[8] inconforme con la resolución emitida por la CASP, y nos señala la comisión de los siguientes errores:

> PRIMER ERROR: Erró la Honorable CASP al determinar que la imposición unilateral de la celebración de vista informal, por parte de la Parte Recurrida, no violentó el debido proceso de ley de la Parte Recurrente.

> SEGUNDO ERROR: Erró la Honorable CASP al determinar que la imposición unilateral de la celebración de vista informal, por parte de la Parte Recurrida, no fue una acción ultra vires al amparo del Art. 11.012 de la Ley Núm. 81-1991.

---

[3] *Id.,* a las págs. 13-18.
[4] SUMAC TA, *supra*, a las págs. 19-22.
[5] SUMAC TA, a la Entrada Núm. 1, Apéndice 1, págs. 2-4.
[6] SUMAC TA, a la Entrada Núm. 1, Anejo 1, págs. 41-49.
[7] *Id.,* a las págs.50-55.
[8] SUMAC TA, a la Entrada Núm. 1.

El Municipio Autónomo de Ciales compareció mediante *Alegato de la Parte Recurrida*[9] el 10 de diciembre de 2025. Con el beneficio de la comparecencia de ambas partes con sus respectivas posiciones, así como los documentos que le acompañan y que, a su vez, forman parte del expediente administrativo, estamos en posición de resolver.

**II**

**A.**

Es norma conocida en nuestro ordenamiento jurídico que los tribunales debemos ser celosos guardianes de nuestra jurisdicción. *Souffront v. A.A.A.*, 164 DPR 663, 674 (2005). Cuestionada esta, nos corresponde como deber ministerial realizar un análisis riguroso sobre nuestra jurisdicción, pues de esta depende nuestra autoridad para adjudicar la controversia que se nos presenta. *Id.* La ausencia de jurisdicción es, simplemente, insubsanable. *Id.* **Por lo tanto, cuando un tribunal determina que no tiene la autoridad para atender un recurso, solo puede así declararlo y desestimar el caso**. (Énfasis nuestro.) *Caratini v. Collazo Syst. Analysis, Inc.*, 158 DPR 345, 355 (2003).

Las cuestiones relacionadas con la jurisdicción de un tribunal deben ser resueltas con preferencia a cualquier otro asunto. *Pérez Rosa v. Morales Rosado*, 172 DPR 216, 222 (2007). En aquellas instancias en las que un tribunal dicta sentencia sin tener jurisdicción sobre la persona o sobre la materia, su determinación es jurídicamente inexistente. *Empress Hotel, Inc. v. Acosta,* 150 DPR 208, 212 (2000). Es decir, constituye una actuación ilegítima que un foro judicial adjudique un recurso sobre el cual carece de jurisdicción para entender en el mismo. *Id.* Así pues, el Tribunal Supremo de Puerto Rico ha señalado que como celosos guardianes de nuestra jurisdicción los tribunales venimos obligados a considerar, *motu proprio* o a petición de parte, todo asunto relacionado a la misma; pues no poseemos discreción para asumir jurisdicción donde no la hay. *Romero Barceló v. ELA*, 169 DPR 460, 470 (2006). Así, este Tribunal está facultado

---

[9] SUMAC TA, a la Entrada Núm. 10.

para desestimar, a iniciativa propia, un recurso por cualquiera de los siguientes fundamentos:

**1. que el Tribunal de Apelaciones carece de jurisdicción**;

2. que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;

3. que no se ha presentado o proseguido con diligencia o de buena fe;

4. que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos;

5. que el recurso se ha convertido en académico. (Énfasis nuestro.) *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 109-110, 215 DPR __ (2025), R. 83 (B).

Una de las instancias en que un tribunal carece de jurisdicción es cuando se presenta un recurso tardíamente. Un recurso de revisión tardío es aquel que se presenta fuera del término disponible para ello. *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015). Consecuentemente, este recurso adolece del grave e insubsanable defecto de falta de jurisdicción, *Julia et al. v. Epifanio Vidal, S.E.,* 153 DPR 357, 366 (2001). De manera que, su presentación carece de eficacia y no produce ningún efecto jurídico, pues no hay autoridad judicial para acogerlo, *Id.,* a la pág. 367.

**B.**

La *Ley de Procedimiento Administrativo Uniforme*, Ley Núm. 38 de 30 de junio de 2017, según enmendada, 3 LPRA 9601, *et seq.* (LPAU) establece los estándares de revisión judicial de órdenes, resoluciones y providencias dictadas por las agencias administrativas. Específicamente la Sección 3.15 de la LPAU, rige el procedimiento cuando una parte adversamente afectada por una determinación administrativa desea solicitar reconsideración ante la agencia. *Pérez v. VPH Motor Corp.,* 152 DPR 475, 483 (2000). En lo pertinente al caso que nos ocupa, la Sección 3.15 dispone que "[l]a parte adversamente afectada por una resolución u orden parcial o final podrá, **dentro del término de**

**veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución** u orden, presentar una moción de reconsideración de la resolución u orden." (Énfasis nuestro.) 3 LPRA sec. 9655. Por otro lado, la Sección 4.2 de la LPAU dispone que:

> "[u]na parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley **cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración**. . . ". (Énfasis nuestro.) 3 LPRA sec. 9672.

Conforme a los preceptos antes referidos, surge con claridad el término de treinta (30) días aplicable para solicitar la revisión judicial de una decisión final de una agencia. Este plazo comienza a transcurrir **a partir de la fecha del archivo en autos de la notificación de la decisión administrativa o a partir de la fecha aplicable cuando el término es interrumpido mediante la oportuna presentación de una moción de reconsideración**. (Énfasis nuestro.) *Fabianita Flores Concepción v. Taíno Motors*, 168 DPR 504, 513 (2006).

**III**

Mediante el recurso de epígrafe, el señor Rivera Cruz nos solicita la revisión de una *Resolución* emitida por la CASP y nos plantea dos señalamientos de error. Sostuvo que la agencia incidió al determinar que la imposición unilateral de la celebración de vista informal, por parte de la parte recurrida, no violentó el debido proceso de ley de la parte recurrente. Añadió que, erró agencia al determinar que la imposición unilateral de la celebración de vista informal no fue una acción *ultra vires*.

Consta en el expediente que la *Resolución* recurrida fue notificada y archivada en autos el 9 de septiembre de 2025. Conforme a las disposiciones antes mencionadas, resulta claro que la parte adversamente

afectada por una resolución administrativa cuenta con un término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución para presentar una reconsideración. A saber, la parte recurrente tenía hasta el 29 de septiembre de 2025 para presentar su recurso de reconsideración ante agencia. Examinadas las actuaciones que obran en autos, surge que la *Moción de Reconsideración* fue presentada ante CASP el 30 de septiembre de 2025, luego de expirado el término de veinte (20) días provisto para ello. En consecuencia, la referida moción no fue oportuna y, por tanto, no interrumpió el término para acudir mediante revisión judicial ante esta Curia.

Es menester señalar que, cuando un tribunal determina que no tiene la autoridad para atender un recurso, solo puede así declararlo y desestimar el caso. Un recurso presentado de manera tardía adolece del grave e insubsanable defecto de falta de jurisdicción, por lo que nuestro foro revisor no tiene facultad para atenderlo. A raíz de lo expuesto, nos resulta forzoso concluir que no poseemos jurisdicción para atender el presente recurso.

**IV**

Por lo antes expuesto, se desestima el recurso por falta de jurisdicción ante su presentación tardía.

**Notifíquese inmediatamente**.

Lo acuerda y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones