ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| SUAIRY J. ALFONZO RODRÍGUEZ<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DEL TRABAJO Y RECURSOS HUMANOS<br><br>Recurrido | TA2025RA00216 | *Revisión Administrativa* procedente del Departamento del Trabajo y Recursos Humanos<br><br>Núm. Caso: A-02852-24<br>Cifrado: 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<br><br>Sobre: Sección 4(B)(3) de la Ley de Seguridad de Empleo de Puerto Rico; inelegibilidad a los beneficios de compensación de desempleo |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 23 de septiembre de 2025.

Compareció por derecho propio, la Sra. Suairy J. Alfonzo Rodríguez (en adelante, "señora Alfonzo Rodríguez" o "recurrente") mediante un recurso de revisión administrativa presentado el 3 de septiembre de 2025.

Por los fundamentos que expondremos a continuación, se **desestima** el recurso de epígrafe por falta de jurisdicción.

-I-

A pesar de que estamos ante un recurso desprovisto de un apéndice completo, intentamos redactar una relación de los hechos procesales con la información disponible en el expediente. Veamos.

Consta que, el 29 de marzo de 2021, la Unión Independiente Auténtica en representación de la señora Alfonzo Rodríguez, presentó una *Querella* contra la Autoridad de Acueductos y Alcantarillados (en adelante, "AAA") ante el Negociado de Conciliación y Arbitraje adscrito al Departamento del Trabajo y

Recursos Humanos.[1] Allí se alegó que la señora Alfonzo Rodríguez fue destituida de su puesto como oficinista de servicio al cliente en la AAA mediante una comunicación fechada el 16 de marzo de 2021 y notificada el 19 de marzo de 2021. En síntesis, se argumentó que tales acciones representaron una clara violación al debido proceso de convenio colectivo de la señora Alfonzo Rodríguez.

En igual fecha, se presentó una *Solicitud para designación o selección de árbitro* y se alegó que la controversia versaba sobre un despido en "violación al convenio colectivo art[í]culo IV y leyes aplicables".[2]

Además, consta en el expediente que, la señora Alfonzo Rodríguez presentó una *Solicitud de audiencia* ante el Negociado de Seguridad de Empleo en la División de Seguro por Desempleo adscrito al Departamento del Trabajo y Recursos Humanos.[3] Particularmente, la señora Alfonzo Rodriguez explicó, en el inciso 14 del formulario identificado como PR-SD-512, lo siguiente:

> 14. Solicito una audiencia por no estar de acuerdo con la decisión o determinación emitida en _____. Por las siguientes razones:
>
> El pasado 3 [de] diciembre [de] 2021, me lleg[ó] una notificación del Departamento del [T]rabajo y Recursos Humanos en donde me informan de la determinación[.] [C]abe señalar que esta Servidora nunca a incurrido en alguna conducta incorrecta al tener ausencias y/o tardanzas en forma repetitivas e injustificadas[.] [C]abe señalar que esta Servidora  nunca incurri[ó] en dicho comportamiento[,] ya que las ausencias que tuve en el periodo mencionado fueron por razones estrictas m[é]dicas en adici[ó]n se enviaron certificados m[é]dicos y ponchadas por patrono de AAA.[4]

Del expediente surge que, el Sr. José A. González —como Presidente de la Unión Independiente Auténtica, Capítulo de Arecibo— suscribió una carta el 23 de enero de 2025 dirigida al

---

[1] *Véase*, Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (en adelante, "SUMAC-TA"), entrada núm. 3, pág. 7. No obstante, aclaramos que el referido documento está incompleto, solo contiene una página.
[2] *Íd.*, pág. 2.
[3] SUMAC-TA, entrada núm. 3, pág. 3.
[4] *Íd.*

Árbitro del Departamento del Trabajo y Recursos Humanos.[5] En

está, se alegó como sigue:

> Mediante esta comunicación doy Fe delante de Dios que en el caso de la Sra. Suairy J. Alfonzo Rodríguez nunca fui notificado a comparecer como testigo para la vista presencial en el Depto. Del Trabajo. Tambi[é]n quiero hacer constar que en la primera ocasión que la Sra. Alfonzo debía comparecer fue suspendida porque el Hon. Torres Plaza se acogió al retiro, subterfugio que utiliz[ó] el patrono AAA para mentir alegando se había citado en dos ocasiones y no había comparecido.[6]

Posteriormente, el 10 de febrero de 2025, la señora Alfonzo

Rodríguez cumplimentó una hoja titulada "*Seguro por Desempleo*"

en el que constató que el propósito de su visita era el siguiente:

"[v]erificar el estatus del caso ya que no me ha llegado contestación

de la misma ni por carta ni [inelegible]".[7]

El 11 de julio de 2025, la señora Alfonzo Rodríguez suscribió

una carta dirigida a la Oficina de Apelaciones ante el Secretario del

Departamento del Trabajo y Recursos Humanos.[8] En está, alegó lo

siguiente:

> Solicito la reconsideración en el caso de epígrafe, ya que no estoy de acuerdo con la decisión tomada, ya que estuve al pendiente de dicha vista en todo momento y le suministr[é] todas las evidencias en la vista celebrada el 17 de enero de 2025, en el Departamento del Trabajo ante la Directora Wanda Torres Velázquez y la representación de la Autoridad de Acueductos y Alcantarillados. En la misma expuse los motivos y la situación por la que me encontraba atravesando.
>
> El jueves 16 de mayo recib[í] una notificación del caso de epígrafe: A-02852-24, en el cual se me notific[ó] que se confirmaba la resolución de la División de Apelaciones notificada el 18 de febrero de 2025, y se me declaró inelegible a los beneficios. A esta decisión nuevamente apel[é] el 20 de mayo de 2025.
>
> El lunes 7 de julio de 2025, recib[í] su notificación fechada el 2 de julio de 2025, en donde se declara no ha lugar la reconsideración presentada por mi parte. Solicito respetuosamente se tome una reconsideración de esta y se revalúe el caso en todos los méritos, por la razón que expuse en la vista presencial efectuada el 17 de enero de 2025, en el Departamento del Trabajo, ante la Hon. Wanda Torres Vázquez, ya que en todo momento me mantuve pendiente

---

[5] SUMAC-TA, entrada núm. 3, pág. 1. Nótese que la referida misiva no contiene ponche o acreditación de recibo por parte del Departamento de Trabajo y Recursos Humanos.

[6] *Íd.*

[7] SUMAC-TA, entrada núm. 3, pág. 12.

[8] SUMAC-TA, entrada núm. 1, anejos, pág. 1. Nótese que la referida misiva contiene un ponche de recibo fechado el 29 de julio de 2025.

del proceso y en adicción present[é] toda la evidencia pertinente al caso. Adjunto carta de despido, ya que en adicción en una llamada me indicaron que yo había renunciado.[9]

El 5 de agosto de 2025, la Oficina de Apelaciones ante el Secretario del Departamento del Trabajo y Recursos Humanos emitió una misiva dirigida a la señora Alfonzo Rodríguez en la que dispuso como sigue:

> Se devuelve la correspondencia recibida en nuestras oficinas para los trámites correspondientes con el Tribunal de Apelaciones.
>
> El 2 de julio de 2025 se notificó Decisión en Reconsideración en la que se declaró No Ha Lugar a su petición.
>
> El procedimiento es solicitar Revisión Judicial directamente con el Tribunal de Apelaciones. Se puede orientar llamando a los teléfonos sobre el proceso de radicación (787)474-3777, (787)474-3778.
>
> Es importante que incluya toda la documentación de su caso ante el Departamento del Trabajo y Recursos Humanos.[10]

Inconforme, el 3 de septiembre de 2025, la señora Alfonzo Rodríguez presentó el recurso de epígrafe.[11] Aun cuando el recurso no contiene señalamiento de error en específico, la recurrente planteó que fue despedida injustificadamente de la AAA, debido a que no podía asistir al trabajo por razón de su salud mental y circunstancias familiares. Arguyó que no recibió una notificación de la vista celebrada, pese a que se mantuvo en comunicación constante. Asimismo, la recurrente acompañó una *Solicitud y declaración para que se exima de pago de arancel por razón de indigencia.*[12]

Luego, el 9 de septiembre de 2025, la recurrente presentó *Moción parte explicativa de copias (25) del caso.*[13]

Examinado el recurso, determinamos prescindir de la comparecencia de la parte recurrida, conforme a la Regla 7(B)(5) del

---

[9] *Íd.*
[10] SUMAC-TA, entrada núm. 1, anejos, pág. 2.
[11] SUMAC-TA, entrada núm. 1, págs. 1-4.
[12] SUMAC-TA, entrada núm. 2, págs. 1-8.
[13] SUMAC-TA, entrada núm. 3, págs. 1-29.

Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025)[14], y procedemos a exponer la normativa jurídica aplicable al caso ante nuestra consideración.

**-II-**

**A. Jurisdicción**

En nuestro ordenamiento jurídico se ha establecido que la jurisdicción "es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias que tiene ante sí". *R&B Power Inc., v. Junta de Subasta*, 213 DPR 685, 698 (2024); *FCPR v. ELA et al.*, 211 DPR 521, 529 (2023). En ese sentido, el factor jurisdiccional es el primer factor que debe considerar un tribunal en toda situación jurídica que se presente para su adjudicación. *R&B Power Inc., v. Junta de Subasta*, supra, pág. 698; *FCPR v. ELA et al.*, supra, pág. 530. De manera que los asuntos jurisdiccionales son privilegiados y deben ser atendidos de forma preferente. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020).

Acorde con ello, los tribunales estamos emplazados a ser fieles guardianes de nuestra jurisdicción y carecemos de discreción para asumirla donde no la hay. *Íd.* Por ende, la falta de jurisdicción tiene los siguientes efectos:

> (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*.

*Fuentes Bonilla v. ELA*, 200 DPR 364, 372-373 (2018).

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas.*

---

[14] A partir del 16 de junio de 2025, las nuevas enmiendas incorporadas a nuestro Reglamento tienen vigencia inmediata en todos los procedimientos pendientes ante nos.

*Reglamento TA*, 2025 TSPR 42, págs. 109-110, 215 DPR __ (2025), confiere autoridad al Tribunal para desestimar un recurso de apelación o denegar un auto discrecional, a iniciativa propia o a petición de parte, cuando carezca de jurisdicción. De esa forma, si al hacer el análisis jurisdiccional, el tribunal concluye que carece de jurisdicción para adjudicar la cuestión ante su consideración, tiene el deber de así declararlo y proceder con la desestimación del recurso apelativo sin entrar en los méritos de la controversia. *Ruíz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 269 (2018).

**B. Revisión administrativa y la moción de reconsideración**

La Ley Núm. 38-2017, según enmendada, conocida como "Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico" (en adelante, "LPAU") dispone que las decisiones administrativas pueden ser revisadas por el Tribunal de Apelaciones. 3 LPRA sec. 9671. Como cuestión de derecho, la revisión judicial será sobre las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas. 3 LPRA sec. 9676. El propósito de tal disposición consiste en delimitar la discreción de los foros administrativos para asegurar que estos ejerzan sus funciones razonablemente y conforme a la ley. *Hernández Feliciano v. Mun. Quebradillas,* 211 DPR 99, 113-114 (2023).

Así pues, la Sección 4.2 de la LPAU dispone sobre los términos para instar un recurso de revisión ante el Tribunal de Apelaciones como sigue:

> Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración.

3 LPRA sec. 9672.

Cónsono con lo anterior, nuestro Alto Foro ha reiterado que la oportuna presentación de una moción de reconsideración ante la agencia tiene el efecto de interrumpir el término para solicitar la revisión judicial. *Pérez v. VPH Motor Corp.,* 152 DPR 475, 484 (2000). No obstante, ha aclarado que una moción de reconsideración que no se presente en tiempo no tiene efecto interruptor alguno. *López Rivera v. Autoridad Fuentes Fluviales*, 89 DPR 414, 417-418 (1963).

La Sección 3.15 de la LPAU provee los términos para presentar —de manera oportuna— una solicitud de reconsideración de la determinación de la agencia administrativa y el término para solicitar una revisión judicial, a saber:

> La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso.

3 LPRA sec. 9655.

En otras palabras, "la agencia administrativa puede hacer, dentro del término de quince días, lo siguiente: (1) tomar alguna determinación en su consideración; (2) rechazarla de plano, o (3) no actuar sobre ésta, lo cual equivale a rechazarla de plano." *Flores Concepción v. Taíno Motors*, 168 DPR 504, 514 (2006). No obstante, el Tribunal Supremo explicó que:

> [...] una agencia administrativa tiene jurisdicción para acoger una moción de reconsideración, aun después de transcurrido el término establecido para ello en la Sec. 3.15 de la LPAU, ante, siempre y cuando no haya transcurrido el término para acudir en revisión ante el Tribunal de Apelaciones y no se haya presentado un recurso ante dicho foro.

*Flores Concepción v. Taíno Motors*, supra, pág. 522.

Además, cabe puntualizar que, el derecho a revisar las decisiones de las agencias administrativas está sujeto a la oportuna

presentación del recurso y a su correcto perfeccionamiento. *Isleta v.*
*Inversiones Isleta Marina*, 203 DPR 585, 590 (2019).

## B. Perfeccionamiento de los recursos apelativos

En nuestro ordenamiento jurídico, se ha establecido que el
incumplimiento con las reglas de los tribunales apelativos impide la
revisión judicial. *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90
(2013); *Cárdenas Maxán v. Rodríguez*, 119 DPR 642, 659 (1987). Por
lo que, "las disposiciones reglamentarias que rigen su
perfeccionamiento de los recursos apelativos deben observarse
rigurosamente y su cumplimiento no puede quedar al arbitrio de las
partes o sus abogados". *Isleta v. Inversiones Isleta Marina*, 203 DPR
585, 591 (2019). Incluso, nuestro Alto Foro ha resuelto que, "el
hecho de que las partes comparezcan por derecho propio, por sí solo,
no justifica que incumplan con las reglas procesales". *Febles v.*
*Romar*, 159 DPR 714, 722 (2003). Ello es así puesto que, "[e]sta
norma es necesaria para que se coloque a los tribunales apelativos
en posición de decidir correctamente los casos, contando con un
expediente completo y claro de la controversia que tienen ante sí".
*Soto Pino v. Uno Radio Group,* supra, pág. 90.

Así pues, conforme a la Regla 57 y 58 (A) de nuestro
Reglamento, un recurso de revisión administrativa se formaliza con
la presentación de su escrito en la Secretaría del Tribunal de
Apelaciones —junto con el pago de derechos arancelarios
correspondientes— **dentro del término jurisdiccional de treinta**
**(30) días contados desde el archivo en auto de una copia de**
**notificación de la orden o resolución final de la agencia**
**administrativa, o a partir de la fecha aplicable cuando el referido**
**término fue interrumpido con la presentación oportuna de una**
**moción de reconsideración**. Reglamento del Tribunal de
Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento*

*TA,* 2025 TSPR 42, págs. 75 y 76, 215 DPR __ (2025) (énfasis suplido).

De otra parte, la Regla 59 (E)(1) del Reglamento del Tribunal de Apelaciones requiere que el apéndice de un recurso de revisión administrativa contenga copia literal de lo siguiente:

> (a) Las alegaciones de las partes ante la agencia, a saber, la solicitud original, la querella o la apelación y las contestaciones a las anteriores hechas por las demás partes.
>
> [...]
>
> (c) La orden, resolución o providencia administrativa objeto del recurso de revisión que se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, cuando procedieren.
>
> (d) Toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión.
>
> (e) Toda resolución u orden, y toda moción o escrito de cualquiera de las partes que forme parte del expediente original administrativo, en los cuales se discuta expresamente cualquier asunto planteado en el recurso de revisión o que sean relevantes a esta.
>
> (f) Cualquier otro documento que forme parte del expediente original en la Agencia y que pueda ser útil al Tribunal de Apelaciones en la resolución de la controversia.

Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 80, 215 DPR __ (2025).

Asimismo, la Regla 59 (E)(2) del Reglamento del Tribunal de Apelaciones dispone que no se desestimará un recurso por la omisión de incluir documentos en el apéndice. *Íd.* Por ello, la precitada disposición establece que el foro apelativo podrá —a *motu proprio* o a solicitud de parte— permitir la presentación del apéndice luego de la presentación del recurso de revisión dentro un término de 15 días desde la fecha de notificación de la resolución del tribunal autorizando la presentación de los documentos. *Íd.*

No obstante, en *Codesi, Inc. v. Mun. de Canóvanas,* 150 DPR 586 (2000), el Tribunal Supremo reconoció algunas de las deficiencias sustanciales en el contenido del apéndice que con llevan la desestimación del recurso, debido a que impide al foro revisor

corroborar su jurisdicción y resolver los méritos de las controversias planteadas. Entre estas, las siguientes:

> (i) omitir el formulario de la notificación del archivo en autos de la sentencia dictada por el foro de instancia; (ii) no incluir copias de las alegaciones de las partes, y (iii) no notificar a [la parte apelada] mediante copia completa de su escrito de apelación dentro del término jurisdiccional.

*Codesi, Inc. v. Mun. de Canóvanas*, supra, pág. 591.

Para salvaguardar las normas procesales apelativas, el Tribunal Supremo ha establecido que "la inobservancia de las disposiciones reglamentarias sobre la forma y presentación de los recursos puede conllevar la sanción más severa para cualquier reclamante: la desestimación". *Pueblo v. Valentín Rivera*, 197 DPR 636, 641 (2017). Asimismo, se ha establecido que los apéndices incompletos —siempre y cuando su omisión nos impida penetrar la controversia y constatar nuestra jurisdicción— puede conllevar la desestimación. *Vázquez Figueroa v. ELA*, 172 DPR 150, 155 (2007). La desestimación del recurso procederá en la medida que "nos aseguremos que el quebrantamiento con los postulados reglamentarios haya provocado un impedimento real y meritorio para considerar la controversia en los méritos". *Pueblo v. Valentín Rivera,* supra, pág. 641.

Discutido el derecho aplicable, este Tribunal se encuentra en posición para atender el recurso de epígrafe.

**-III-**

De entrada, autorizamos la litigación *in forma pauperis* y por derecho propio de la recurrente, toda vez que no posee los medios económicos para sufragar los costos del litigio. Además, surge del expediente que la recurrente nos solicitó lo siguiente: "Soy de [A]recibo y no vine preparada con toda la evidencia porque es mucha[,] deseo que me den la oportunidad para poder traerla". Véase, SUMAC-TA, entrada núm. 1, pág. 2. En la medida que, el 8 de septiembre de 2025, la recurrente presentó una moción con 25

anejos como evidencia para sustentar su solicitud de revisión, acogemos la misma como el apéndice en el caso de epígrafe, conforme a la Regla 59(E)(2) de este Tribunal. A continuación, procedemos a atender el recurso de epígrafe.

En síntesis, la recurrente alegó que fue despedida injustificadamente de la AAA, ya que no podía asistir al trabajo por razón de su salud mental y circunstancias familiares. Además, argumentó que no recibió una notificación de la vista celebrada, aun cuando se mantuvo en comunicación constante con la agencia recurrida.

No obstante, en cumplimiento con nuestro deber ministerial, procedemos a examinar nuestra jurisdicción para atender el recurso que nos ocupa. Veamos.

En el derecho aplicable de esta *Resolución*, señalamos que el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. *Soto Pino v. Uno Radio Group*, supra. Así pues, las partes deben cumplir rigurosamente las disposiciones reglamentarias requeridas para perfeccionar sus recursos apelativos. *Isleta v. Inversiones Isleta Marina*, supra. Nuestro ordenamiento nos autoriza a desestimar el recurso ante la inobservancia de las disposiciones reglamentarias sobre el perfeccionamiento. *Allied Mgmt. Group v. Oriental Bank,* supra; *González Pagán v. SLG Moret-Brunet*, supra.

Tras evaluar el expediente, no encontramos orden o resolución alguna de la cual la recurrente pudiese estar recurriendo ni especificidad de la fecha en la cual fue dictada o notificada, conforme las exigencias del Reglamento de este Tribunal. Por consiguiente, fuera de lo argüido por la recurrente, no podemos constatar ni siquiera nuestra jurisdicción. Ello se debe a que la recurrente no incluyó con su recurso un apéndice que contuviese documentos relevantes que formen parte del expediente de la

agencia recurrida, los cuales sean necesarios y útiles a los fines de resolver la controversia ante nos, según requiere el Reglamento de este Foro Apelativo. Por tanto, ni contamos con los elementos suficientes para entender el presente caso ni podemos auscultar propiamente nuestra jurisdicción.

No obstante, aun si tomáramos como ciertas las alegaciones de la recurrente, llegaríamos a la misma conclusión de falta de jurisdicción. Nos explicamos.

Consta en el expediente que, el 11 de julio de 2025, la recurrente suscribió una misiva dirigida a la Oficina de Apelaciones ante el Secretario del Departamento del Trabajo y Recursos Humanos. Véase, SUMAC-TA, entrada núm. 3, anejos, pág. 1. Allí alegó que, el 2 de julio de 2025, la Oficina de Apelaciones ante el Secretario emitió la denegación de la solicitud de reconsideración, la cual recibió el 7 de julio de 2025.

Nótese que, la recurrente presentó el recurso de epígrafe el 3 de septiembre de 2025. Es decir, presentó su recurso de revisión administrativa cincuenta y ocho (58) días después del recibo sobre la denegación de su solicitud de reconsideración. De estos datos surge con meridiana claridad que el recurso fue presentado fuera del término jurisdiccional de 30 días que establece la Regla 57 del Reglamento de este Tribunal y la Sección 4.2 de la LPAU. Sobre esto, recordemos que los términos jurisdiccionales son fatales, no prorrogables, y su incumplimiento impide nuestra función revisora por privarnos de jurisdicción. *Soto Pino v. Uno Radio Group*, supra. En otras palabras, este Tribunal está impedido legalmente de atender el presente recurso por ser presentado tardíamente.

Por tanto, resulta forzoso concluir que no tenemos jurisdicción a consecuencia del craso incumplimiento de la recurrente con el Reglamento del Tribunal de Apelaciones. Aclaramos que, aunque la comparecencia la recurrente ante nos fue

por derecho propio, ello no la exime del cumplimiento con nuestras normas reglamentarias. *Febles v. Romar*, supra.

En vista de lo anterior, procedemos a desestimar el recurso de marras, de conformidad con la Regla 83(C) del Reglamento de este Tribunal.

### -IV-

Por los fundamentos previamente expuestos, se **desestima** el recurso de epígrafe por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones